IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
LEON SEGEN, derivatively on behalf of            :
INTRAWARE, INC.                                  :
                                                 :
                    Plaintiff,                   :
                                                 :
            v.                                   :
                                                 :
COMVEST VENTURE PARTNERS, LP, COMVEST            :     Civil Action No. 04-822-JJF
MANAGEMENT, LLC, COMMONWEALTH                    :
ASSOCIATES MANAGEMENT COMPANY, INC.,             :
COMMONWEALTH ASSOCIATES, L.P., RMC               :
CAPITAL, LLC, MICHAEL S. FALK, ROBERT            :
PRIDDY, TRAVIS L. PROVOW, KEITH                  :
ROSENBLOOM and INTRAWARE, INC.                   :
                                                 :
                    Defendants.                  :
------------------------------------------------------------- x

**ANSWER OF DEFENDANTS COMVEST VENTURE PARTNERS, LP,
COMVEST MANAGEMENT, LLC, COMMONWEALTH ASSOCIATES
MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P.,
MICHAEL S. FALK, TRAVIS L. PROVOW AND KEITH ROSENBLOOM**

Defendants ComVest Venture Partners, LP ("ComVest"), ComVest Management, LLC ("Management"), Commonwealth Associates Management Company, Inc. ("CAMC"), Commonwealth Associates, L.P. ("Commonwealth"), Michael S. Falk, Travis L. Provow and Keith Rosenbloom (collectively, the "ComVest Defendants") respectfully submit this Answer to Plaintiff's Complaint. The ComVest Defendants deny any and all allegations in the Complaint not specifically admitted herein.

1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.    Admit the allegations in Paragraph 2 of the Complaint.

3. Deny each and every allegation in Paragraph 3 of the Complaint, except admit the allegations in the first sentence of Paragraph 3 and admit that, at certain times, Falk, Priddy and Rosenbloom were limited partners of ComVest and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 3 because the ComVest Defendants do not know what Plaintiff means by the phrase "at all relevant times."

4. Deny each and every allegation in Paragraph 4 of the Complaint, except admit the allegations in the first and third sentences of Paragraph 4 and admit that, at certain times, Priddy, Falk and Rosenbloom were managers of Management and Management was wholly-owned by CAMC and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 4 because the ComVest Defendants do not know what Plaintiff means by the phrase "at all relevant times."

5. Deny each and every allegation in Paragraph 5 of the Complaint, except admit that CAMC was the principal owner and general partner of Commonwealth and admit that, at certain times, Priddy, Rosenbloom and Harold Blue were directors and Falk was Chairman and principal stockholder of CAMC and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 because the ComVest Defendants do not know what Plaintiff means by the phrase "at all relevant times."

6. Deny each and every allegation in Paragraph 6 of the Complaint, except admit the allegations in the first sentence of Paragraph 6 and admit that, in the past, Falk was the Chairman, Chief Executive Officer and President of Commonwealth and Provow was a partner and board member of Commonwealth.

7. Deny each and every allegation in Paragraph 7 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 7 of the Complaint.

8. Deny each and every allegation in Paragraph 8 of the Complaint, except neither admit nor deny the allegations in the third sentence of Paragraph 8 because they state a legal conclusion and admit that Falk is a United States citizen and a manager of ComVest Management and is a principal stockholder and Chairman of CAMC.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and aver that the ComVest Defendants do not know what Plaintiff means by the phrase "at all relevant times" or "principal equity owner," except admit that Priddy was a manager of ComVest Management and a director of CAMC during certain periods of time alleged in the Complaint.

10. Admit the allegations in Paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint because the ComVest Defendants do not know what Plaintiff means by the phrase "at certain relevant times," except admit that Provow is a US citizen who, in the past, maintained a place of business at 830 Third Avenue, New York, New York 10022 and, in the past, was a manager of Management.

### Jurisdiction and Venue

12. Deny each and every allegation set forth in Paragraph 12 of the Complaint, except admit that Plaintiff purports to bring this action derivatively on behalf of Intraware pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Plaintiff purports that jurisdiction and venue are proper in this court pursuant to 15 U.S.C. §78(a)(a).

### The Governing Law

13. Neither admit nor deny the allegations in Paragraph 13 of the Complaint because they state a legal conclusion and respectfully refer the Court to Section 16(b) of the Exchange Act for its true and correct contents and interpretation.

14. Neither admit nor deny the allegations in Paragraph 14 of the Complaint because they state a legal conclusion and respectfully refer the Court to SEC Rule 16a-1(a)(1) promulgated under the Exchange Act for its true and correct contents and interpretation. To the extent that Paragraph 14 contains factual allegations, deny each and every allegation.

15. Deny each and every allegation in Paragraph 15 of the Complaint.

16. Deny each and every allegation in Paragraph 16 of the Complaint, except admit that Falk, Provow and Harold Blue were Intraware directors at certain times alleged in the Complaint. Neither admit nor deny the allegations set forth in the last sentence of Paragraph 16 of the Complaint because they state a legal conclusion.

### Defendants' Group Activities

17. Deny each and every allegation in Paragraph 17 of the Complaint and aver that the circumstances of the investments alleged by Plaintiff in Paragraph 17 are disclosed in the Schedule 13D filed by ComVest, ComVest Management, Falk and Priddy on or about December 20, 2001 (the "December 20 Schedule 13D") and respectfully refer the Court to the December 20 Schedule 13D for its true and correct contents and interpretation.

18. Deny each and every allegation in Paragraph 18 of the Complaint, and aver that the circumstances of Falk's receipt of options and the exercise price of the April Warrants are disclosed in the December 20 Schedule 13D and respectfully refer the Court to the December 20 Schedule 13D for its true and correct contents and interpretation.

19. Deny each and every allegation in Paragraph 19 of the Complaint, except admit that Commonwealth earned a 6% placement fee to act as the placement agent for Intraware in the April Placement.

20. Deny each and every allegation in Paragraph 20 of the Complaint and aver that the terms and conditions of the August Placement and the composition of the Intraware Board of

4

Directors are disclosed in the December 20 Schedule 13D and respectfully refer the Court to the December 20 Schedule 13D for its true and correct contents and interpretation.

21.     Deny each and every allegation in Paragraph 21 of the Complaint and aver that the terms and conditions of the August Placement are disclosed in the December 20 Schedule 13D and respectfully refer the Court to the December 20 Schedule 13D for its true and correct contents and interpretation.

22.     Deny each and every allegation in Paragraph 22 of the Complaint and aver that the terms and conditions of the Series B-1 Preferred Stock exchange are disclosed in the Form 8-K and its exhibits filed by Intraware on or about September 21, 2001 and respectfully refer the Court to that Form 8-K for its true and correct contents and interpretation.

23.     Admit the allegations in Paragraph 23 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding Priddy.

24.     Deny each and every allegation in Paragraph 24 of the Complaint.

25.     Deny each and every allegation in Paragraph 25 of the Complaint, except admit that Commonwealth acted as placement agent for each issuing company described in Paragraph 25.

26.     Deny each and every allegation in Paragraph 26 of the Complaint.

### The Alleged Group Members' Beneficial Ownership

27.     Deny each and every allegation in Paragraph 27 of the Complaint.

28.     Deny each and every allegation in Paragraph 28 of the Complaint.

29.     Deny each and every allegation in Paragraph 29 of the Complaint and aver that ComVest filed reports under Section 16(a) of the Exchange Act and respectfully refer the Court to the Form 3/A filed by ComVest on or about January 7, 2002 for its true and correct contents

and interpretation, respectfully refer the Court to Form 4 filed by ComVest on or about January 7, 2002 for its true and correct contents and interpretation and respectfully refer the Court to the Form 4/A filed by ComVest on or about January 7, 2002 for its true and correct contents and interpretation.

    30.     Deny each and every allegation in Paragraph 30 of the Complaint.

    31.     Deny each and every allegation in Paragraph 31 of the Complaint and:

    a)     Respectfully refer the Court to the Form 4 filed by ComVest on or about January 7, 2001 for the true and correct terms of ComVest's sales of Intraware common stock.

    b)     Deny each and every allegation in Paragraph 31(b) of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31(b) of the Complaint regarding Priddy.

### As and For a First Claim of Relief

    32.     Repeat and reallege each and every response set forth in Paragraphs 1 through 31 as if fully set forth herein.

    33.     Deny each and every allegation in Paragraph 33 of the Complaint.

    34.     Deny each and every allegation in Paragraph 34 of the Complaint.

    35.     Deny each and every allegation in Paragraph 35 of the Complaint.

    36.     Deny each and every allegation in Paragraph 36 of the Complaint.

    37.     Deny each and every allegation in Paragraph 37 of the Complaint.

### Allegations as to Demand

    38.     Admit the allegations in Paragraph 38 of the Complaint.

### As and For a First Affirmative Defense

    39.     The Complaint fails to state a claim upon which relief can be granted.

RLF1-2901310-1

### As and For a Second Affirmative Defense

40. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to bring such claims within the applicable statute of limitations period.

### As and For a Third Affirmative Defense

41. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### As and For a Fourth Affirmative Defense

42. To the extent Plaintiff is relying on the doctrine of equitable tolling, this claim should be barred for numerous reasons, including, but not limited to, Plaintiff had actual knowledge of the alleged facts and, therefore, is precluded from availing himself of the doctrine and because Plaintiff had unclean hands.

WHEREFORE, the ComVest Defendants pray for a judgment:

(1) dismissing the Complaint with prejudice in its entirety as against the ComVest Defendants, or, alternatively, that judgment be entered in favor of the ComVest Defendants and against the Plaintiff, with the Plaintiff taking nothing thereunder;

(2) awarding the ComVest Defendants the costs and disbursements of this action, including reasonable attorneys' fees; and

(3) for such other and further relief as this Court deems just and proper.

| | |
|---|---|
| OF COUNSEL:<br><br>Clifford Thau<br>Steven R. Paradise<br>Sean Bukowski<br>Vinson & Elkins L.L.P.<br>666 Fifth Avenue, 26th Floor<br>New York, NY 10103-0040<br>(212) 237-0000<br><br>Dated: July 19, 2004 | /s/ Jeffrey L. Moyer<br>Jeffrey L. Moyer (#3309)<br>moyer@rlf.com<br>Srinivas M. Raju (#3313)<br>raju@rlf.com<br>Alyssa M. Schwartz (#4351)<br>schwartz@rlf.com<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>Wilmington, DE 19899<br>(302) 651-7700<br>Attorneys for Defendants Comvest Venture Partners, LP, Comvest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates, LP, RMC Capital, LLC, Michael S. Falk, Robert Priddy, Travis L. Provow, and Keith Rosenbloom |

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:


Theodore J. Tacconelli, Esquire
Ferry Joseph & Pearce, P.A.
824 Market Street, Suite 904
Wilmington, DE 19899

Neal J. Levitsky, Esquire
Fox Rothschild LLP
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323

Kurt Heyman, Esquire
The Bayard Firm
222 Delaware Avenue
9th Floor
Wilmington, DE 19801

I hereby certify that on July 19, 2005, I have sent by First Class Regular Mail document(s) to the following non-registered participants:

Paul D. Wexler, Esquire
Bragar, Wexler, Eagel & Morgenstern, P.C.
885 Third Avenue
New York, NY 10022

Glenn F. Ostrager, Esquire
Ostrager Chong Flaherty & Broitman, P.C.
250 Park Avenue
New York, NY 10177-0899

Robert N. Dokson, Esquire
Ellis, Funk, Goldberg, Labovitz & Dokson
One Securities Centre, Suite 400
3490 Piedmont Road
Atlanta, GA 30305

_____
Jeffrey L. Moyer (#3309)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
moyer@rlf.com