IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Leon Segen, derivatively on behalf of Intraware, Inc., <br>     Plaintiff <br><br> v. <br><br> Comvest Venture Partners, LP, Comvest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates, L.P., RMC Capital, LLC, Michael S. Falk, Robert Priddy, Travis L. Provow, Keith Rosenbloom and Intraware, Inc., <br>     Defendants. | Civil Action File No. 04-822-JJF |

## FIRST AMENDED ANSWER OF DEFENDANTS
## ROBERT PRIDDY AND RMC CAPITAL, LLC

**COME NOW** Robert Priddy ("Priddy" or "Defendant Priddy") and RMC Capital, LLC ("RMC" or "Defendant RMC") (hereinafter Priddy and RMC referred to collectively as "the Priddy Defendants"), showing as follows:

1. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 1 of the Complaint.

2. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 2 of the Complaint.

3. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 3 of the Complaint, except that the Priddy Defendants admit that Priddy was a limited partner of ComVest.

4. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 4 of the Complaint, except that the Priddy Defendants deny the allegation contained therein that Priddy was "at all relevant times a manager of ComVest

Management." In further response thereto, the Priddy Defendants show that they do not know what Plaintiff means by the phrase "at all relevant times."

5. The Priddy Defendants admit the allegations in the first two sentences in Paragraph 5 of the Complaint. As to the last sentence therein, the Priddy Defendants have insufficient information by which to admit or deny the allegations therein as to Priddy, in that they do not know what Plaintiff means by the phrase "at all relevant times", and otherwise have insufficient information by which to admit or deny said allegations.

6. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 6 of the Complaint.

7. The Priddy Defendants deny the allegations of Paragraph 7 of the Complaint as stated.

8. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 8 of the Complaint.

9. In response to the allegations of Paragraph 9 of the Complaint, the Priddy Defendants have insufficient information by which to admit or deny the allegation that Priddy was a "principal member of RMC" since they are not certain of Plaintiff's meaning with respect to this allegation. In further response thereto, the Priddy Defendants deny the allegation in the last sentence of Paragraph 9 that "Priddy was at all relevant times a principal equity owner of ComVest" and show that they do not know what Plaintiff means by the phrases "at all relevant times" or "principal equity owner." All other allegations in Paragraph 9 are admitted.

10. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 10 of the Complaint.

11. The Priddy Defendants have insufficient information by which to admit or deny the allegations of Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. In response to the allegations of Paragraph 12 of the Complaint, the Priddy Defendants admit that the Plaintiff has brought this action derivatively on behalf of Intraware pursuant to Section 16 (b) of the Securities Exchange Act of 1934 ("the Exchange Act"). In further response thereto, the Priddy Defendants specifically deny that they, or either of them, have any liability to Plaintiff with respect to the claims brought in this action. All other allegations contained therein are denied.

## THE GOVERNING LAW

13. In response to the allegations of Paragraph 13 of the Complaint, this paragraph states a legal conclusion as to which no response is required. If a response is required, the Priddy Defendants have insufficient information by which to admit or deny the allegations contained therein. In further response thereto, the Priddy Defendants show that Plaintiff omits key language from Section 16 (b) of the Exchange Act, specifically the phrase "registered pursuant to Section 12."

14. In response to the allegations of Paragraph 14 of the Complaint, the Priddy Defendants show that this paragraph states a legal conclusion as to which no response is required. If a response is required, the Priddy Defendants deny Paragraph 14 as stated.

15. The Priddy Defendants deny the allegations of Paragraph 15 of the Complaint and specifically deny the existence of any Group as alleged by the Plaintiff.

16. In response to the allegations of Paragraph 16 of the Complaint, the Priddy Defendants deny the allegations in the first sentence therein to the extent that there is an

allegation of any liability, which they specifically deny. With respect to the allegations in the first sentence of Paragraph 16 involving who were directors of the company, the Priddy Defendants have insufficient information by which to admit or deny said allegations. The Priddy Defendants deny the allegations of the second sentence of Paragraph 16 of the Complaint.

### DEFENDANTS' GROUP ACTIVITIES

17. In response to the allegations of Paragraph 17 of the Complaint, the Priddy Defendants deny the allegations in the first sentence contained therein, and specifically deny that the alleged Group members "acted together." The Priddy Defendants also specifically deny the existence of any "Group" as alleged by Plaintiff throughout the Complaint. In further response thereto, the Priddy Defendants admit the remaining allegations of Paragraph 17 of the Complaint.

18. In response to the allegations of Paragraph 18 of the Complaint, the Priddy Defendants deny the allegations of the first sentence contained therein, and specifically deny the existence of any Group, as alleged by the Plaintiff. The Priddy Defendants admit the allegations of the second and third sentences of Paragraph 18.

19. In response to the allegations of Paragraph 19 of the Complaint, the Priddy Defendants deny the allegations in the last sentence therein insofar as those allegations involve Defendant Priddy. In further response thereto, the Priddy Defendants have insufficient information by which to admit or deny any other allegations in Paragraph 19 of the Complaint.

20. In response to the allegations of Paragraph 20 of the Complaint, the Priddy Defendants admit the allegations of the first four sentences of Paragraph 20 of the Complaint. With respect to the remaining allegations in Paragraph 20, the Priddy Defendants deny any allegations of Group activity or Group designation, and deny the existence of any Group, as

alleged by Plaintiffs. The Priddy Defendants have insufficient information by which to admit or deny any other allegations contained in Paragraph 20 of the Complaint.

21. In response to the allegations of Paragraph 21 of the Complaint, the Priddy Defendants deny the allegation contained therein that "the effect of the placement fee was to reduce ... Priddy's purchase price." In further response thereto, the Priddy Defendants have insufficient information by which to admit or deny the remaining allegations of Paragraph 21 of the Complaint.

22. The Priddy Defendants deny the allegations of Paragraph 22 of the Complaint as stated. In further answer thereto, the Priddy Defendants deny the existence of any Group and deny the allegation of any action in concert by any alleged group members.

23. The Priddy Defendants admit the allegations of Paragraph 23 of the Complaint.

24. In response to the allegations of Paragraph 24 of the Complaint, said allegations are denied as stated. In further response thereto, the Priddy Defendants specifically deny any allegation of the existence of any Group or of any Group activity.

25. In response to the allegations of Paragraph 25 of the Complaint, the Priddy Defendants deny said allegations as stated. In further response thereto, the Priddy Defendants deny the inference that other investments by various individuals or entities in any way evidence any Group activity in this case, as alleged by Plaintiff.

26. In response to the allegations of Paragraph 26 of the Complaint, the Priddy Defendants deny said allegations as stated. In further response thereto, the Priddy Defendants deny the existence of any Group, as alleged by Plaintiff, and deny that the alleged Group members reported "their collective beneficial ownership" or the allegation that "these filings identified ComVest Management, Falk and Priddy as group members." While denying the

existence of any Group, the Priddy Defendants admit that certain of the alleged group members filed an initial 13D.

### THE GROUP MEMBERS' BENEFICIAL OWNERSHIP

27. The Priddy Defendants deny the allegations of Paragraph 27 of the Complaint. In further response thereto, without limiting the generality of the denial set forth above, the Priddy Defendants specifically deny the allegations of the existence of a Group, the allegations concerning deemed beneficial ownership, and the allegations concerning "interrelationships and group activities among the group members."

28. The Defendants deny the allegations of Paragraph 28 of the Complaint. In further response thereto, without limiting the generality of the denial set forth above, the Priddy Defendants specifically deny the allegations of the existence of a Group, the allegations concerning deemed beneficial ownership, and the allegations concerning "interrelationships and group activities among the group members."

29. The Priddy Defendants deny the allegations of Paragraph 29 of the Complaint. In further response thereto, the Priddy Defendants show that on January 10, 2002, ComVest Venture Partners, L.P., ComVest Management, LLC and Michael Falk did file a Form 4. In further response thereto, the Priddy Defendants specifically deny the allegation in Paragraph 29 that "Plaintiff is not aware of certain details concerning the group members' purchases and sales", since the Plaintiff was demonstrably aware of those details by at least July 5, 2002 when it sent a demand letter to Intraware.

30. In response to the allegations of Paragraph 30 of the Complaint, the Priddy Defendants have insufficient information by which to admit or deny said allegations, except that the Priddy Defendants deny any allegations of the existence of a Group.

31.  The Priddy Defendants deny the allegations of Paragraph 31 of the Complaint. In further response thereto, without limiting the generality of the previous denial, the Priddy Defendants specifically deny the existence of any Group, they deny the allegations of any matchable transactions, and they deny the allegations of any disgorgeable profits. In further response thereto, the Priddy Defendants admit the information concerning "Date", "Sales", "Price" and "Short-Swing Profits" contained in the grid or chart in Paragraph 31(b), but they specifically deny that any of the so-called "Short-Swing Profits" are disgorgeable or that they have any liability to the Plaintiff with respect to those transactions.

## AS AND FOR A FIRST CLAIM FOR RELIEF

32.  The Priddy Defendants restate, reallege and incorporate herein by reference the responses to Paragraphs 1 through 31 above, the same as if fully set out herein.

33.  The Priddy Defendants deny the allegations of Paragraph 33 of the Complaint.

34.  The Priddy Defendants deny the allegations of Paragraph 34 of the Complaint.

35.  The Priddy Defendants deny the allegations of Paragraph 35 of the Complaint.

36.  In response to the allegations of Paragraph 36 of the Complaint, the Priddy Defendants have insufficient information by which to admit or deny the allegations contained therein, except that the Priddy Defendants specifically deny the existence of any Group and deny any liability as alleged by Plaintiff.

37.  In response to the allegations of Paragraph 37 of the Complaint, the Priddy Defendants deny said allegations. In further response thereto, the Priddy Defendants show that Defendant RMC never owned any stock of Intraware.

## ALLEGATIONS AS TO DEMAND

38. In response to the allegations of Paragraph 38 of the Complaint, the Priddy Defendants admit the allegations contained in the first sentence therein. The Priddy Defendants admit the allegations in the second sentence, except that they have insufficient information as to the date of the letter sent by the Company. The Priddy Defendants admit the allegations of the third sentence of Paragraph 38.

39. All factual allegations contained in the Complaint, if not specifically addressed above, are hereby specifically denied.

40. In response to the prayer for relief in the Complaint, the Priddy Defendants deny that the Plaintiff is entitled to any relief against either or both of the Priddy Defendants, including, but not limited to, any judgment, any attorney's fees, any interest or any other and further relief of any nature whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against the Priddy Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Priddy Defendants are barred, in whole or in part, by application of applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims against the Priddy Defendants are barred, in whole or in part, by application of the doctrine of laches.



### FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff contends that the doctrine of equitable tolling should apply in this case, such claim fails for numerous reasons, including, but not limited to, actual knowledge on the part of Plaintiff or its representatives which precludes the application of the equitable tolling doctrine, and also by virtue of a lack of clean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims should be dismissed or transferred pursuant to the doctrine of forum non-conveniens.

### SIXTH AFFIRMATIVE DEFENSE

The Priddy Defendants reserve the right to assert additional defenses as necessary based upon ongoing investigation and discovery as such investigation and/or discovery proceeds in this case.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by virtue of the application of the doctrines of <u>res judicata</u> and/or collateral estoppel.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Priddy Defendants pray as follows:

(i) That the Plaintiff's complaint against the Priddy Defendants be dismissed, or, alternatively, that judgment be entered in favor of the Priddy Defendants and against the Plaintiff, with the Plaintiff taking nothing thereunder;

(ii) That costs be cast against the Plaintiff; and

(iii) That the Priddy Defendants be granted all other and further relief necessary to do justice in this cause.

Respectfully submitted,

_____
Neal J. Levitsky, Esquire (#2902)
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
(302) 622-4200
Attorneys for Defendants RMC Capital,
LLC and Robert Priddy

OF COUNSEL:  Robert N. Dokson, Esquire
Ellis, Funk, Goldberg, Labovitz &
Dokson, P.C.
One Securities Center, Suite 400
Atlanta, Georgia 30305
(404) 233-2800

Date:_____