## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| LEON SEGEN, derivatively on behalf of INTRAWARE, INC.<br><br>     Plaintiff,<br><br>    v.<br><br>COMVEST VENTURE PARTNERS, LP, COMVEST MANAGEMENT, LLC, COMMONWEALTH ASSOCIATES MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P., RMC CAPITAL, LLC, MICHAEL S. FALK, ROBERT PRIDDY, TRAVIS L. PROVOW, KEITH ROSENBLOOM and INTRAWARE, INC.,<br><br>     Defendants. | Civil Action No. 04-822-JJF |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the stipulation of the parties:

IT IS HEREBY ORDERED THAT:

1.   Scope of This Order.

    (a)   This Protective Order shall govern all documents and information produced or disclosed during this litigation and designated in accordance with the procedures set forth herein and is binding upon the parties to this litigation, including their respective parents, subsidiaries, affiliates, employees, representatives and attorneys ("party" or "parties") and others as set forth in this order.

    (b)   This Protective Order and the protections hereunder shall be automatically applicable to all documents and information produced by third parties from whom

discovery is sought in this action. Any third party who either voluntarily or under subpoena

produces documents or information, or whose deposition is taken, may designate the documents,

information and testimony as "Confidential" in accordance with the provisions of this Protective

Order and all such designated documents, information and testimony shall be treated hereunder

as Confidential Information and the protections and penalties of the Protective Order shall inure

thereto.

2.    Definitions.  "Confidential Information" as used herein means any type of

document or information which is designated pursuant to this order as "Confidential," or

"Restricted - Attorneys' Eyes Only," by the supplying party, whether it be a document, tangible

thing, information contained in a document, information revealed during a deposition,

information revealed in an interrogatory answer or otherwise. "Restricted - Attorneys' Eyes

Only" as used herein means any document or information which is designated as such pursuant

to this order and may be applied only to proprietary technical information, trade secrets,

suppliers, manufacturers, business strategies, and competitive and financial information. When

designating information as "Confidential," or "Restricted - Attorneys' Eyes Only," the supplying

party will make such designation only as to that information that it in good faith believes to be

confidential.

3.    Marking of Documents.  Documents produced by a party shall be

designated as "Confidential" or "Restricted - Attorneys' Eyes Only" by marking each page

thereof as follows:

CONFIDENTIAL or RESTRICTED - ATTORNEYS' EYES ONLY

or any similar designation containing the word "confidential" or "restricted".

4.    Production for Review.  When producing original files, records and

materials for inspection at the place of the producing party's business, no marking need be made

- 2 -

by the producing party in advance of the inspection. For purposes of the inspection, all documents and materials shall be considered as marked "Restricted - Attorneys' Eyes Only". Thereafter, upon selection of specified documents and materials for copying by the inspecting party, the producing party shall mark the copies of such documents and materials as may actually contain protected subject matter with the mark "Confidential" or "Restricted - Attorneys' Eyes Only" at the time any requested copies are provided to the inspecting party or parties.

     5.    Depositions. Information disclosed at a deposition or any similar proceeding taken in connection with this case may be designated as Confidential Information by a party by indicating on the record at the deposition that the testimony is "Confidential" or "Restricted - Attorneys' Eyes Only" and subject to the provisions of this Order. The party may also designate information disclosed at a deposition as Confidential Information by notifying all parties in writing, within ten (10) days of receipt of the deposition transcript, of specific pages and lines of the transcript which are designated as "Confidential" or as "Restricted - Attorneys' Eyes Only." All depositions shall be treated as Confidential Information until receipt of the designation or until expiration of the period to designate, unless the information in the transcript is otherwise designated prior to that time. In the event a portion of a deposition is designated as "Confidential" or "Restricted - Attorneys' Eyes Only," then any client representatives or other persons in the room where the deposition is proceeding not entitled to receive such information shall leave the room.

     6.    Limitations on Disclosure. Documents and information that have been designated as "Confidential" may not be disclosed to any person or entity other than the following:

     (a)    Outside counsel employed by any party to assist in this litigation and the stenographic, paralegal or clerical employees with whom such attorneys work in connection with this litigation.

- 3 -

(b)     Designated representatives of the corporate parties.

(c)     Experts hired in conjunction with this litigation, subject to the provisions of paragraph 7.

(d)     The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this lawsuit.

(e)     Witnesses at a deposition who are described in the document as an author or recipient of the document or who are known by counsel to be an author or recipient of the document.

(f)     Any other persons, upon such terms and conditions that the parties may agree or as the Court may by Order direct.

Documents and information that have been designated as "Restricted - Attorneys' Eyes Only" may not be disclosed to any person or entity other than those identified in subsection 6(a), (c), (d), (e) and (f).

7.     Disclosure to Experts.

(a)     If a party wishes to disclose Confidential Information to an expert hired for the purpose of this litigation, the party seeking to disclose the Confidential Information shall, prior to disclosure, obtain the agreement of the expert to abide by the terms of, and his or her signature on a copy of, the Confidentiality Agreement in the form attached to this Protective Order.

(b)     In the event that an expert is a competitor or is affiliated directly or indirectly with a competitor of the opposing party, then the party seeking to disclose the Confidential Information shall, before disclosure, in addition to the foregoing, serve on opposing counsel a signed copy of the Confidentiality Agreement in the form attached to this Protective Order, signed by each such expert. No Confidential Information may be disclosed to such expert if within five (5) business days after service of the signed Confidentiality Agreement, counsel

receiving the signed Confidentiality Agreement advises opposing counsel in writing that there is an objection to disclosure of Confidential Information to such expert, setting forth each objection and the good faith basis for each objection. If objection to disclosure is made as set out above, and the parties cannot in good faith resolve the dispute, Confidential Information may not be disclosed to the expert, except upon order of the Court. The parties agree, if at all possible, to seek a prompt telephone conference with the Court for the purpose of the Court ruling on the question of disclosure.

8.    Limitations on Use. Persons, other than the party designating the subject information as Confidential, having knowledge of Confidential Information by virtue of their participation in the conduct of this litigation shall use that Confidential Information only for the purpose of this proceeding, and shall neither use nor disclose such Confidential Information to any other person for any other purpose. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" consents in writing to such disclosure, or if the Court, after reasonable notice to all affected parties, orders such disclosure.

9.    Security. With respect to all Confidential Information produced which is subject to the terms of this Order, counsel shall take reasonable and appropriate steps for its security and limit access only to those persons listed in paragraph 6 of this Order to whom it is necessary to disclose Confidential Information for the purpose of assisting in the preparation and trial of this lawsuit.

10.    Inadvertent Disclosure. The inadvertent disclosure by the supplying party of Confidential Information or privileged materials shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information or the specific document disclosed or as to any other information relating thereto or on the same or related subject matter.

11.    Change in Status.  Any party who has designated a document or
information as "Confidential" pursuant to this Order may remove the document or information
from the scope of this Order by notifying all other counsel in writing of its desire to do so.

12.    Use in Court Filings.  Except as agreed in writing by counsel of record, to
the extent that any Confidential Information is quoted, attached to, or substantially paraphrased,
in any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file such
submission under seal.  Disclosure of any portion of the transcript of a deposition which reflects
or contains Confidential Information shall be subject to the terms of this Order, and if filed with
the Court, shall be filed under seal.  All documents filed under seal pursuant to this Order shall
be identified with the caption of this action, a general description of the sealed contents and a
statement that "The contents hereof are confidential and may be revealed only by Court order or
upon prior written consent of all counsel." The Court shall maintain such sealed materials intact
and unopened except as otherwise directed by the Court or by counsel pursuant to prior written
consent of all counsel.

13.    Status When Used in Proceedings.  If Confidential Information is used
during depositions, in the trial of this case or during any appeal taken therefrom, it shall not lose
its confidential status through such use, and counsel shall exercise their best efforts and take all
steps reasonably required to protect its confidentiality during such use.

14.    Admissibility at Trial.  Nothing herein shall be construed to affect in any
manner the admissibility at trial of any document, testimony or other evidence.

15.    Disposition After Trial.  Upon the conclusion of this litigation, all

- 6 -

Confidential Information, and any and all copies thereof, shall be returned within sixty (60) days to counsel for the appropriate party or destroyed if so directed in writing, provided, however, that counsel may retain their attorney work product even though it contains Confidential Information, and all copies of all pleadings, motions, transcripts or exhibits. All retained materials shall remain subject to the terms of this Order and may not thereafter be shared with any party except those permitted under this Order. Any person or entity having custody or control of any Confidential Information shall deliver to counsel for the appropriate party an affidavit certifying that all such Confidential Information, any copies thereof, and any and all records, notes, memoranda, summaries or other writings regarding the Confidential Information (except for attorney work product as stated above), have been delivered or destroyed in accordance with the terms of this Protective order. Insofar as this Order restricts the use and disclosure of Confidential Information, this Order shall continue to be binding after the conclusion of this litigation.

16. <u>No Waiver</u>. A party is not obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information or document as Confidential Information, the parties shall try first to resolve such dispute in good faith, informally. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information or document is or is not in fact Confidential Information; upon such hearing the party asserting the claim to Confidential Information shall have the burden of establishing it as such.

17. <u>Advice to Clients</u>. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the

course thereof, relying in a general way upon his or her examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of or the source of any Confidential Information if such disclosure would be contrary to the terms of this Order.

18.    Violation of Order.  Intentional violation of this Order shall be considered an act in contempt of this Court, subject to appropriate sanction as the Court deems just.

19.    Amendment in Writing.  By written agreement of the parties, or upon motion and order of Court, the terms of this Protective Order may be amended or modified.

20.    Other Relief Under Rule 26.  The entry of this Order does not prevent either party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

* * *

APPROVED:

FERRY, JOSEPH & PEARCE, P.A.                    FOX ROTHSCHILD, LLP

By:_____                     By:_____
     Theodore J. Tacconelli (#2678)                    Neal J. Levitsky (#2902)

824 Market Street                                919 N. Market Street, Suite 1300
Suite 904                                        Wilmington, DE 19899-2323
P.O. Box 1351                                    (302) 622-4200
Wilmington, Delaware 109899
(302) 575-1555

PAUL D. WEXLER                                   ROBERT N. DOKSON
BRAGAR WEXLER EAGEL &                            ELLIS, FUNK, GOLDBERG, LABOVITZ
 MORGENSTERN, P.C.                                & DOKSON, P.C.

885 Third Avenue                                 One Securities Center, Suite 400
New York, New York 10022                         3490 Piedmont Road
(212) 308-5858                                   Atlanta, Georgia 30305
                                                 (404) 233-2800

GLENN F. OSTRAGER                                Attorneys for Defendants RMC Capital, LLC
OSTRAGER CHONG FLAHERTY                          and Robert Priddy
 & BROITMAN P.C.

250 Park Avenue
New York, New York 10177-0899

Attorneys for Plaintiff

RICHARDS, LAYTON & FINGER, P.A.

By: _____
     Jeffrey L. Moyer (#3309)

One Rodney Square
Wilmington, DE 19899
(302) 651-7700

CLIFFORD THAU
STEVEN PARADISE
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26th Floor
New York, New York 10103
((917) 206-0800

Attorneys for Defendants Comvest Venture
Partners, LP, Comvest Management, LLC,
Commonwealth Associates Management
Compnay, Inc., Commonwealth Associates,
L.P., Michael S. Falk, Travis L. Provow and
Keith Rosenbloom

THE BAYARD FIRM

By: _____
     Kurt M. Heyman (#3054)

222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130

Attorneys for Intraware Inc.

IT IS SO ORDERED:

Dated: _____

                              _____
                              Honorable Joseph J. Farnan, Jr.

- 10 -

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

LEON SEGEN, derivatively on behalf of
INTRAWARE, INC.

       Plaintiff,

   v.

COMVEST VENTURE PARTNERS, LP,
COMVEST MANAGEMENT, LLC,
COMMONWEALTH ASSOCIATES
MANAGEMENT COMPANY, INC.,
COMMONWEALTH ASSOCIATES, L.P., RMC
CAPITAL, LLC, MICHAEL S. FALK, ROBERT
PRIDDY, TRAVIS L. PROVOW, KEITH
ROSENBLOOM and INTRAWARE, INC.,

       Defendants.

Civil Action No. 04-822-JJF

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that (s)he has read the attached Stipulated

Protective Order issued by the Court in this case and dated _____, understands

the terms thereof, and agrees, upon penalty of contempt of Court, to be bound by such terms.

Date: _____

Signature: _____

Name: _____