IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Leon Segen, derivatively )<br>on behalf of Intraware, Inc., )<br>      Plaintiff )<br>)<br>v. )<br>)<br>Comvest Venture Partners, LP, Comvest )<br>Management, LLC, Commonwealth )<br>Associates Management Company, Inc., )<br>Commonwealth Associates, L.P., RMC Capital, )<br>LLC, Michael S. Falk, Robert Priddy, )<br>Travis L. Provow, Keith Rosenbloom and )<br>Intraware, Inc., )<br>      Defendants. ) | Civil Action File No. 04-822-JJF |

## NOTICE OF DEPOSITION
## OF GLENN F. OSTRAGER, ESQ.

TO:   Plaintiff Leon Segen c/o his counsel of record

     Paul D. Wexler, Esq.
     Bragar, Wexler, Eagel & Morgenstern, P.C.
     885 Third Avenue
     New York, New York 10022

     and

     Glenn F. Ostrager, Esq.
     Ostrager Chong Flaherty & Broitman, P.C.
     250 Park Avenue
     New York, New York 10177-0899

     Please be advised that pursuant to the provisions of F.R.C.P. Rules 30 and 34, Defendants Robert Priddy and RMC Capital, LLC, will take the deposition of Glenn F. Ostrager, Esq. for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and cross

examination. The deposition will be taken pursuant to a subpoena which will be issued and served upon Mr. Ostrager pursuant to the applicable provisions of the Federal Rules of Civil Procedure. The deposition will be taken before a court reporter duly authorized to administer oaths.

    The date, time and place of the deposition will be as follows:

    Date: March 14, 2006;

    Time: beginning at 9:30 a.m. and continuing from day to day and time to time until completed;

    Place: Mr. Ostrager's office, at the address set forth above.

Pursuant to the provisions of F.R.C.P. Rule 34, the Deponent is requested and required to produce the documents set forth on Exhibit "A" to this Notice.

You are requested to attend this deposition.

This  13th  day of  February , 2006.

Respectfully submitted,

_____ #3821 for
Neal J. Levitsky, Esquire (#2902)
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
(302) 622-4200
Attorneys for Defendants RMC Capital,
LLC and Robert Priddy

OF COUNSEL:    Robert N. Dokson, Esquire
Ellis Funk, P.C.
One Securities Center, Suite 400
3490 Piedmont Road
Atlanta, Georgia 30305
(404) 233-2800

Date:  2/13/06

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\Notice of Deposition Glenn F. Ostrager, Esq. 02 02 2006.doc

## EXHIBIT "A" – DOCUMENTS TO BE PRODUCED AT DEPOSITION OF GLENN F. OSTRAGER, ESQ.

1. All documents in any way related to or probative of the information contained in the July 5, 2002 demand letter from Glenn Ostrager, Esq. to the Board of Directors of Intraware, Inc., a copy of which is attached as Exhibit "F" to the Defendants' Robert Priddy's and RMC Capital, LLC's First Request For Admissions To Plaintiff Leon Segen ("Admissions"), previously served in this action.

2. Any and all documents in any way related to or probative of the allegation in Paragraph 1 of the Complaint that Plaintiff Segen is a stockholder of Intraware. This request specifically includes, but is not limited to, any documents showing when Plaintiff Segen became an owner of stock in Intraware and whether or not Plaintiff Segen was a stockholder of Intraware at the time of the transactions in question and at the time that the above-referenced action was filed.

3. Any and all documents of any nature whatsoever in any way related to or supportive of the "group" claims asserted by Plaintiff in the above-referenced litigation.

4. If the Plaintiff contends that any of the Defendants, except for Defendants Comvest Venture Partners, LP and Robert Priddy, engaged in any matching transactions with respect to Intraware securities which would render such defendant liable for § 16 (b) purposes, any and all documents in any way related to any such allegedly disgorgeable matching transactions for any of the defendants other than Comvest Venture Partners, LP or Robert Priddy.

5. Any and all documents which in any way indicate when and how Plaintiff or his representatives learned of the transactions described in Paragraph 31 of the Complaint. This item specifically includes, but is not limited to any time records prepared or maintained by Mr. Ostrager or his firm, whether in hard copy or electronic format.

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\EXHIBIT A.doc