# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| LEON SEGEN, derivatively on behalf of INTRAWARE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>COMVEST VENTURE PARTNERS, LP, COMVEST MANAGEMENT, LLC, COMMONWEALTH ASSOCIATES MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P., RMC CAPITAL, LLC, MICHAEL S. FALK, ROBERT PRIDDY, TRAVIS L. PROVOW, KEITH ROSENBLOOM and INTRAWARE, INC.,<br><br>    Defendants. | Civil Action No. 04-822-JJF |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH DISCOVERY AND FOR RULE 37 COSTS

### Preliminary Statement

This is an action pursuant to §16(b) of the Securities Exchange Act of 1934, which seeks disgorgement of more than a $1 million in short-swing profits garnered by defendants. In order to avoid burdening the Court with unnecessary submissions, annexed hereto is a copy of this Court's decision denying defendants' motion to dismiss the complaint (the "Decision"). The Decision recites all of the relevant background facts as alleged in the complaint. Also accompanying this memorandum is a Local Rule 7.1.1 Statement and the

Affirmation of Paul D. Wexler which states the facts concerning
this discovery dispute.

Briefly stated, this motion seeks to quash subpoenas
issued on plaintiff's counsel by the Ellis Funk law firm
("Funk"), counsel for certain of the defendants. After the
Decision, defendants conducted the deposition of plaintiff
Segen, at which time they questioned him at great length
concerning the merits of the case in general and the statute of
limitations defense in particular. They also sought and
received relevant, non-privileged documents responsive to their
Rule 34 Request.

Apparently not satisfied with Mr. Segen's testimony
and/or the documents he produced, defendants served Notices of
Depositon and subpoenas seeking the depositions of Segen's
counsel in this case, Glenn F. Ostrager and Paul D. Wexler. In
addition, they served a document request seeking the precise
documents they sought from Segen. To the extent that responsive
non-privileged documents existed and were in Segen's
possession, they have already been produced.

As we show below, and has defendants' counsel has been
advised repeatedly, plaintiff's counsel has no information that
can be remotely relevant to this case. Plaintiff now seeks a
protective order to quash the subpoenas and an order imposing
costs pursuant to Fed. R. Civ. P. Rule 37 on the Funk firm for
seeking clearly impermissible discovery, without any
substantial justification.

2

### Point I

### The Subpoenas Cannot Lead to Relevant Evidence and Were Not Substantially Justified

The case law is clear that it is inappropriate to seek depositions of opposing counsel, except in the rarest of circumstances where the proponent of the discovery can establish that there is no other means of obtaining the information, the information sought is relevant and non-privileged and the information is crucial to the preparation of the case. See, e.g., *Shelton v. Amer. Motors Corp.,* 805 F.2d 1323, 1327 (8ᵗʰ Cir. 1986); *Smith v. U.S.*, 193 F.R.D. 201, 215 (D. Del. 2000). The Notices and subpoenas meet none of these tests.

Defendants seek the depositions of Segen's counsel on the pretext that counsel has relevant information concerning defendants' statute of limitations defense. That argument is plainly without merit. As defendants well know, the knowledge of plaintiff's counsel as to the facts underlying this claim can have no possible effect on any statue of limitations defense. The purpose of this inquiry is to run up the costs of this litigation and to delve into plaintiff's litigation strategy. The court should not permit this.

3

## A. The Limitations Defense.

Under the terms of the statute, the limitations period on a §16(b) claim runs for two years from the date of the transaction that led to the profits until the filing of the complaint. While there is no controlling Third Circuit authority on the subject, there are two Circuit decisions permitting tolling of the §16(b) statute of limitations that could be applied here. The Ninth Circuit holds that, where the defendants fail to file a Form 4 with the SEC as required by §16(a) of the 1934 Act, the two-year period is tolled until the filing is made. *Whitaker v. Whitaker Corp.*, 639 F. 2d 516, 527–30 (9th Cir.), *cert denied*, 454 U.S. 1031 (1981). The Second Circuit holds that equitable tolling suspends the limitations period until the insider provides disclosure by the filing of an SEC Form 4 *or in the alternative*, until the *issuer* obtains actual notice of all of the information that is contained in a Form 4. If a defendant claims actual notice to the issuer in the absence of a filed Form 4, it must show that the *issuer* had sufficient information that would allow it to compute the short-swing profits "without any investigation other than the putting together of two and two". *Litzler v. CC Investments, Ltd.*, 362 F.3d 203 (2d Cir. 2004).

Segen's counsel has no information that could possibly be relevant under either formulation. As recited in the Decision, defendants concede that they did not file

4

a Form 4. Apparently, they believe that the *Litzler* formulation imputing knowledge of the facts helps their cause. However, under *Litzler*, it is not significant when Segen or his lawyers knew the facts, but only when *Intraware* knew the facts. There is no factual predicate that either Segen or his lawyers had any interaction with Intraware, other than a demand letter written by Mr. Ostrager on July 9, 2002.[1]

Defendants have already deposed Segen as to his knowledge. What can Segen's counsel's deposition possibly reveal that is relevant to the limitations defense? The only conceivable motive here is that defendants are hoping to undermine the case by interfering with the relationship between plaintiff and his counsel. It goes without saying that the Federal Rules are not designed to allow opposing counsel to be deposed on a fishing expedition.

This is an appropriate case for the imposition of costs pursuant to Rule 37. As shown above, there is no colorable

---

[1] As plaintiff showed on the motion to dismiss, the demand letter did not trigger the statute of limitations either. Defendants argue that this letter, which was sent more than two years before this case was filed, shows that Intraware had actual knowledge of the claim sufficient to meet the requirements of *Litzler*. This argument has no merit. All that the letter shows is that Intraware may have had inquiry notice of the claim, but that is not sufficient under *Litzler, which requires notice of all of the facts without further investigation.* In any event, the demand letter, which is required before a shareholder can sue under §16(b), hardly leads to the conclusion that Mr. Ostrager's knowledge of the facts can be imputed to Intraware.

5

basis for the subpoenas and plaintiff has warned counsel in
writing and orally that this application will be made.
Moreover, plaintiff's counsel even offered to make a written
representation as to its knowledge, which defendants refused
to accept. Under  Fed. R. Civ. P. 37(a)(4), this is a
sufficient basis for the award of costs.

Rickels v. City of South Bend, Indiana, 33 F. 3d 785 (7th
Cir. 1994) is illustrative. In Rickels, an attorney was forced
to move to quash a subpoena issued against him by the
plaintiff. The Court found that the subpoena was not
"substantially justified" and Judge Easterbrook found that
costs should be imposed. As he explained:

> … Rule 37(a)(4) presumptively requires every loser to
> make good the victor's costs:
> If the motion is denied, the court may enter any
> protective order authorized under Rule 26(c) and
> shall, after affording an opportunity to be heard,
> require the moving party or the attorney filing the
> motion or both of them to pay to the party or
> deponent who opposed the motion the reasonable
> expenses incurred in opposing the motion, including
> attorney's fees, unless the court finds that the
> making of the motion was substantially justified or
> that other circumstances make an award of expenses
> unjust.
>
> "The great operative principle of Rule 37(a)(4) is
> that the loser pays." Charles Alan Wright & Arthur R.
> Miller, 8 Federal Practice and Procedure § 2288 at
> 787 (1970). *787 Fee shifting when the judge must
> rule on discovery disputes encourages their voluntary
> resolution and curtails the ability of litigants to
> use legal processes to heap detriments on adversaries
> (or third parties) without regard to the merits of
> the claims. Rickels lost and must pay.

6

*Rickels v. City of South Bend, Ind.* 33 F.3d 785 (7th Cir. 1994)

In order for the losing party to avoid the imposition of costs, he must show that his position was substantially justified. *In accord*, *EEOC v. Grief Brothers Corporation,* Inc., 218 F.R.D. 59, 64 (W.D.N.Y. 2003); *Warzon v. Drew,* 155 F.R.D. 183 (E.D. Wisc. 1994); *Pepsico v. Central Investment Corporation*, 216 F.R.D. 418 (S.D. Ohio 2002). In the absence of any demonstrable issue that would justify the issuance of these subpoenas, defendants cannot makes such a showing here.

## Conclusion

The motion to vacate and quash should be granted, with the imposition of costs. Plaintiff seeks leave to file a detailed statement of the costs and fees incurred in connection with this dispute.

[SIGNATURE PAGE FOLLOWS]

7

Wilmington, Delaware
March 1, 2006

Respectfully submitted,

FERRY, JOSEPH & PEARCE, P.A.

Theodore J. Tacconelli (No. 2678)
824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 109899
(302) 575-1555

-and-

PAUL D. WEXLER
BRAGAR WEXLER & EAGEL, P.C.

885 Third Avenue
New York, New York 10022
(212) 308-5858

-and-

GLENN F. OSTRAGER
OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.

250 Park Avenue
New York, New York 10177-0899

Attorneys for Plaintiff

8

# DECISION ON MOTION TO DISMISS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEON SEGEN, derivatively on behalf        :
of Intraware, Inc.,                       :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   : Civ. Action No. 04-822 JJF
                                          :
COMVEST VENTURE PARTNERS, LP; COMVEST:
MANAGEMENT, LLC; COMMONWEALTH             :
ASSOCIATES MANAGEMENT COMPANY, INC.; :
COMMONWEALTH ASSOCIATES, LP; RMC          :
CAPITAL LLC; MICHAEL S. FALK; ROBERT :
PRIDDY; TRAVIS L. PROVOW; KEITH           :
ROSENBLOOM; INTRAWARE INC.,               :
                                          :
          Defendants.                     :

_____

Theodore J. Tacconelli, Esquire of FERRY, JOSEPH & PEARCE, P.A.,
Wilmington, Delaware.
Of Counsel: Paul D. Wexler, Esquire of BRAGAR WEXLER EAGEL &
MORGENSTERN, P.C., New York, New York; Glenn F. Ostrager, Esquire
of OSTRAGER CHONG FLAHERTY & BROITMAN P.C., New York, New York.
Attorneys for Plaintiff.

Jeffrey L. Moyer, Esquire and Srinivas M. Raju, Esquire of
RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Of Counsel: Clifford Thau, Esquire, Steven Paradise, Esquire, and
Sean Bukowski, Esquire of VINSON & ELKINS, LLP, New York, New
York.
Attorneys for Defendants ComVest Venture Partners LP, ComVest
Management LLC, Commonwealth Associates, LP, Michael S. Falk,
Travis L. Provow, and Keith Rosenbloom.

Neal J. Levitsky, Esquire of FOX ROTHSCHILD, LLP, Wilmington,
Delaware.
Of Counsel: Robert N. Dokson, Esquire of ELLIS, FUNK, GOLDBERG,
LABOVITZ & DOKSON, P.C., Atlanta, Georgia.
Attorneys for Defendants Robert Priddy and RMC Capital, LLC.

_____

**MEMORANDUM OPINION**

June $\partial$ 2005
Wilmington, Delaware

FARNAN, District Judge.

Presently before the Court is a Motion To Dismiss The
Complaint (D.I. 5) filed by Defendants ComVest Venture Partners,
LP, ComVest Management, LLC, Commonwealth Associates Management
Company, Inc., Commonwealth Associates LP, Michael S. Falk,
Travis L. Provow, and Keith Rosenbloom ("the ComVest
Defendants"), and a Motion To Dismiss (D.I. 8) filed by
Defendants Robert Priddy and RMC Capital, LLC ("the Priddy
Defendants"). Both motions rely upon the same grounds and
arguments. (D.I. 9.) For the reasons discussed, the motions will
be denied.

## BACKGROUND

On July 6, 2004, Plaintiff, Leon Segen, filed this lawsuit
under Section 16(b) of the Securities Exchange Act of 1934 (the
"Exchange Act"), 15 U.S.C. § 78p. Plaintiff claims to sue
derivatively on behalf of Intraware, Inc. ("Intraware"). This
action arises from allegations that Defendants, a § 13(d) group,
garnered short-swing profits disgorgeable to Intraware.

Section 16(b) of the Exchange Act provides that if a
statutory insider purchases and sells, or sells and purchases,
shares of any equity security of an issuer within a period of
less than six months, any profits arising from those transactions
are recoverable by the issuer. A statutory insider is defined as
an officer or director of the issuer or a greater than 10% holder

1

of the issuer's securities.  See 15 U.S.C. § 78p(b).

Pursuant to SEC Rule 16a-1(a)(1), promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in § 13(d)(3) of the Exchange Act, such persons are deemed a "group" for purposes of determining § 16(b) liability. In making the group determination, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in a registered class of equity securities of the issuing corporation. SEC Rule 16a-1(a)(1). If the group is a greater than 10% beneficial owner, each group member is potentially subject to liability under § 16(b).

In his Complaint, Mr. Segen alleges that the ComVest Defendants and the Priddy Defendants are group members who acted for the purpose of acquiring, holding, or disposing of equity securities issued by Intraware.  (D.I. 1, para. 15.)

Mr. Segen asserts the following facts.  Mr. Falk, Mr. Priddy, and Mr. Rosenbloom were limited partners of ComVest Venture Partners, LP and the managers of ComVest Management, LLC. Commonwealth Associates Management Company wholly owned ComVest Managment, LLC.  (D.I. 1, para. 4.) Mr. Priddy, Mr. Rosenbloom were directors and Mr. Falk was Chairman and principal

2

stockholder of  Commonwealth Associates Management Company.
(D.I. 1, para. 5.)

Mr. Falk is the Chairman, CEO, and President of Commonwealth
Associates, LP, and Mr. Provow is a partner and board member.
Commonwealth Associates, LP is a limited partner of ComVest
Venture Partners, LP.  (D.I. 1, para. 6.)

Mr. Priddy is the Chairman and principal member of RMC
Capital, LLC, a Georgia limited liability company whose pricipal
business is investing in securities.  (D.I. 1, para. 7.)

On April 2, 2001, ComVest Venture Partners, LP ("Comvest")
and Mr. Priddy invested $2,000,000 and $1,000,000, respectively,
in a private placement by Intraware.  (D.I. 1, para. 17.)
ComVest purchased 200,000 shares of Intraware's Series B
Convertible preferred stock and warrants to purchase 400,000
shares of Intraware common stock at an initial exercise price of
$1.125 per share.  Mr. Priddy purchased 100,000 shares of Series
B preferred stock and warrants to purchase 200,000 of common
stock.

As a result of participation in the April placement, the
group became a greater than 10% owner of Intraware's common stock
and Mr. Falk was appointed to Intraware's Board of Directors.
Commonwealth Associates, LP ("Commonwealth") acted as the
placement agent for Intraware in the April placement, and was
paid a fee of 6% of the gross proceeds of the placement and its

3

expenses.  (D.I. 1, para. 19.)

On August 31, 2001, ComVest and Mr. Priddy invested in a second private placement by Intraware.  In connection with this placement, Mr. Provow was appointed to the Board of Directors as a designee of the group.  Mr. Provow also invested in the August placement.  (D.I. 1, para. 20.)  Commonwealth again acted as the placement agent for Intraware in the August placement, and was paid a placement fee of 5% of the gross proceeds of the August placements, its expenses, and warrants to purchase 700,000 shares of Intraware stock at an exercise price of $.01 per share.  In or about November 2001, Commonwealth exercised its August warrants and distributed a portion of the shares to ComVest, Mr. Falk, and Mr. Rosenbloom.  (D.I. 1, para. 20.)

In order for Intraware to issue its debt in the August placement, ComVest and Mr. Priddy agreed to exchange their Series B preferred shares for shares of a new Series B-1 preferred stock.  In connection with this exchange, the group members required Intraware to lower the conversion price of ComVest's and Mr. Priddy's Series B preferred shares and the exercise price of their April warrants.  (D.I. 1, para. 22.)

Following the August placement, ComVest and Commonwealth made certain distributions to other group members, all of the details of which are not known.  (D.I. 1, para. 30.)

On November 9, 2001, ComVest sold 200,000 shares of

4

Intraware's common stock at a price of $.58 per share, matchable with the purchase on August 31, 2001, at $.01 per share, yielding short swing profits of $114,000. Further, Mr. Priddy engaged in a series of trades that led to disgorgeable profits of $1,195,838.37. (D.I. 1, para. 31.)

On May 24, 2002, ComVest and Mr. Priddy participated in a third private placement by Intraware. Comvest invested $250,000 and Mr. Priddy invested $300,000. Commonwealth again acted as the placement agent. (D.I. 1, para. 23.)

On July 5, 2002, Mr. Segen made demand on Intraware to commence this action. By letter dated September 5, 2002, Intraware declined to commence the lawsuit. (D.I. 1, para. 38.)

## PARTIES' CONTENTIONS

By their motions, Defendants contend that Mr. Segen can prove no set of facts consistent with his allegations that would entitle him to relief for three reasons. First, Defendants contend that Mr. Segen did not bring this lawsuit within the two year statute of limitations period. Second, Defendants contend that Mr. Segen's Complaint does not state facts that show the existence of a § 13(d) group for purposes of the Section 16(b) of the Exchange Act. Third, Defendants contend that Mr. Segen's Complaint does not plead particularized facts to show that the decision by the Intraware's Board of Directors to refuse demand was wrongful and not protected by the business judgment rule.

5

In response, Mr. Segen contends that the law is clear that the two year limitations period is tolled until Defendants comply with the requirements of § 16(a) of the Exchange Act by filing an SEC Form 4 with the Commission or until Intraware had actual knowledge of Defendants' violation of the statute. Mr. Segen further contends that the Complaint properly alleges that there was a § 13(d) group that traded Intraware securities, and that the pleading specifies the acts performed by the group members. In support of his contention, Mr. Segen cites a number of cases in which other courts have denied motions to dismiss at the pleading stage. Finally, Mr. Segen contends that the business judgment rule is not available to a defendant in these circumstances to prevent a shareholder from bringing suit if the issuer refuses to do so.

Defendants reply that Mr. Segen is not entitled to equitable tolling of the statute of limitations because Defendants were not required to file the forms at issue as they did not own more than 10% of the securities of Intraware and were not otherwise a "group." Next, Defendants reply that the Complaint makes clear that the alleged group members disposed of their securities at different times and at different prices, thereby preventing Plaintiff from alleging facts necessary to plead a group even under the notice pleading standard of Federal Rule 8. Finally, Defendants reply that Intraware's Board determined that

6

Defendants did not constitute a group for Section 16(b) purposes and, thus, are entitled to the benefit of the business judgment rule.

## DISCUSSION

### I.  Standard Of Review

When a court analyzes a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must accept the factual allegations of the Complaint as true. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The court must draw all reasonable inferences in favor of the nonmoving party. Id.

### II.  Whether Plaintiff's Complaint Satisfies the Statue Of Limitations

Because the Court concludes that the Complaint alleges facts sufficient to establish the potential applicability of equitable tolling, the Court will deny Defendants' motions to dismiss with regard to the statute of limitations.

The statute of limitations for a § 16(b) claim runs for two years from the date of the transaction that led to the profits until the filing of the complaint. 15 U.S.C. § 78p(b). Citing authority from the Second and Ninth Circuits, Plaintiff contends that tolling of the time period is appropriate when no SEC Form 4 has been filed and the issuer does not have actual notice of all of the information that is contained in a Form 4. Defendants do not dispute that they did not file § 16(a) reports. Rather, they

7

contend that Mr. Segen had actual notice that Defendants
allegedly realized short-swing profits at some point prior to his
sending a demand letter on July 5, 2002.

Accepting the factual allegations of the Complaint as true,
as the Court must do on a motion to dismiss, the Court concludes
that Mr. Segen has sufficiently alleged that he lacked adequate
notice of Defendants' wrongful conduct to support an equitable
tolling claim. (D.I. 1, para. 29.) Further, the Court concludes
that whether equitable tolling is warranted in these
circumstances requires further development of the facts and,
therefore, may best be addressed once discovery is complete by a
motion for summary judgment. Accordingly, the Court will deny
Defendants' motions to dismiss with regard to the statute of
limitations claim.

## II.  Whether The Complaint Fails To State A Section 16(b) "Group" Claim

Because the Court concludes that the Complaint alleges facts
sufficient to establish that Defendants potentially acted in
concert with respect to their investments in Intraware, the Court
will deny Defendants' motions to dismiss with regard to the
"group" claim.

The Court finds the Complaint gives details with regard to
the alleged relationships between the Defendants and that the
Complaint alleges that Defendants entered into the same
agreements with respect to investments made on April 2, 2001,

8

August 31, 2001, and May 24, 2002, and in connection with exchanging Series B preferred shares for Series B-1 preferred shares. (D.I. 1, paras. 17-26.) With these facts alleged, the Court cannot conclude that Mr. Segen has failed to plead facts to support his claim that Defendants acted as a group for purposes of § 16(b). In the Court's view, there must be a full factual record for the Court to properly determine whether a group exists and, if so, what its dimensions are. For these reasons, the Court will deny Defendants' motions with regard to the "group" claim.

## III. Whether The Business Judgment Rule Is Applicable To Section 16(b) Lawsuits

Because shareholders have an absolute right to sue if the issuer does not sue within sixty days of receiving a demand, the Court will deny Defendants' motions with regard to the business judgment rule.

A stockholder may maintain an action against a corporate insider under § 16(b) of the Exchange Act "if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter. . . ." Thus, § 16(b) creates a primary right to sue in favor of the issuer and its security holders. See, e.g., Pellegino v. Nesbit, 203 F.2d 463, 466-67 (9th Cir. 1953). It is well-settled that, "although an action under § 16(b) cannot be brought unless the shareholder has first made a demand on the directors, the

9

directors' decision not to prosecute the suit does not preclude a subsequent action by the shareholder himself." Cramer v. Gen. Tel. & Elecs. Corp., 582 F.2d 259, 276 n. 22 (3d Cir. 1978). Thus, the Court will deny Defendants' motions with regard to their contentions that Plaintiff has not overcome the presumption of the business judgment rule.

## CONCLUSION

For the reasons discussed, the Court will deny the Motion To Dismiss The Complaint (D.I. 5) filed by the ComVest Defendants and the Motion To Dismiss (D.I. 8) filed by the Priddy Defendants.

An appropriate Order will be entered.

10

## CERTIFICATE OF SERVICE

I, hereby certify that on March 1, 2006, I electronically filed Plaintiff's Memorandum of

Law In Support of Motion to Quash Discovery and For Rule 37 Costs  with the Clerk of Court

using CM/ECF which will send notification of such filing to the following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19899

Neal J. Levitsky, Esquire
FOX ROTHSCHILD LLP
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323

Kurt Heyman, Esquire
Procter Heyman, LLP
1116 West Street
Wilmington, DE 19801

I, hereby certify that on March 1, 2006, I have mailed by United States Postal Service, the

document to the following non-registered participants:

Clifford Thau, Esquire
Steven R. Paradise, Esquire
Sean Bukowski, Esquire
VINSON & ELKINS, L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040

Robert N. Dokson, Esquire
ELLIS, FUNK, GOLDBERG, LABOVITZ & DOKSON, P.C.
One Securities Centre, Suite 400
3490 Piedmont Road
Atlanta, GA 30305

/s/ Theodore J. Tacconelli
Ferry, Joseph & Pearce, P.A.
824 Market Street
(302) 575-1555
ttacconelli@ferryjoseph.com