UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LEON SEGEN, derivatively on behalf of
INTRAWARE, INC.

    Plaintiff,

v.

COMVEST VENTURE PARTNERS, LP,
COMVEST MANAGEMENT, LLC,
COMMONWEALTH ASSOCIATES
MANAGEMENT COMPANY, INC.,
COMMONWEALTH ASSOCIATES, L.P., RMC
CAPITAL, LLC, MICHAEL S. FALK, ROBERT
PRIDDY, TRAVIS L. PROVOW, KEITH
ROSENBLOOM and INTRAWARE, INC.,

    Defendants.

Civil Action No. 04-822(JJF)

## PAUL D. WEXLER AFFIRMATION

**PAUL D. WEXLER** states:

1.  I am a member of Bragar Wexler & Eagel PC, co-counsel for plaintiff Leon Segen. I submit this Affirmation in support of plaintiff's motion to quash the subpoenas and Notices of Deposition issued by the Ellis Funk, PC law firm ("Funk"), counsel for certain of the defendants. The subpoenas and Notices, copies of which are annexed hereto as Ex. A, were directed to my co-counsel, Glenn F. Ostrager, and myself personally.

2.  Over the course of the past approximately six months,

defendants have requested informally on a number of occasions
that Mr. Ostrager and I voluntarily provide depositions and
documents on the merits of this case. When asked for the basis of
this request, defendants' counsel claimed that Mr. Ostrager and I
have relevant information concerning defendants' statute of
limitations defense. We have advised them that, as a matter of
fact and law, our testimony would provide no relevant information
as to this defense and that there was no cause for our
depositions to be conducted. We exchanged views on this subject
with the Funk firm by telephone and by e-mails. During the course
of the on-going colloquy among counsel, Mr. Segen was deposed and
relevant, non-privileged documents were produced.

    3. On or about February 13, 2006, the Funk firm served me
and Mr. Ostrager with subpoenas requiring us to be deposed on
March 14, 2006. In addition, the subpoenas require us to provide
documents relating to the merits of the lawsuit. I immediately
wrote to Robert Dokson, Esq. of the Funk firm we would not appear
for depositions, that the documents he sought had already been
the subject of a Rule 34 request to the plaintiff and that if the
subpoenas were not withdrawn, we would seek this Court's
intervention to quash the subpoenas and that we would seek the
imposition of costs pursuant to Fed. R. Civ. P. 37 (A copy of the

letter is annexed hereto as Ex. B) In a telephone conversation on February 22, 2006 and in a subsequent letter, Mr. Dokson advised me that the subpoenas would not be withdrawn.

4. As we show in the accompanying memorandum of law, neither Mr. Ostrager nor I have any information remotely relevant to any issue in this case. With respect to the statue of limitations defense raised by defendants, the question of when the limitations period begins to run is triggered by the issuer's (i.e. Intraware's) knowledge of the facts supporting the claim, not a shareholder's knowledge and certainly not the knowledge of a shareholder's lawyer. If the law were otherwise, the knowledge of every shareholder of the company and/or his lawyer would potentially be the trigger for a limitations defense. It is difficult to believe that capable lawyers like those of defendants are not well aware of the frivolous position they take here.

5. It appears to me that the purpose of these discovery devices is not to discover any relevant information, but to interfere with our relationship with our client and ferret out our litigation strategies. I believe that the subpoenas are precisely the kind of litigation tactic that the Federal Rules are designed to avoid. Respectfully, we ask the Court to award

our costs and fees in making this motion to quash subpoenas and document requests that are not substantially justified by the facts or the law.

6. The motion should be granted in all respects.

New York, New York
February 28, 2006

Paul D. Wexler

# EXHIBIT "A"

# ELLIS FUNK, P.C.

Robert N. Dokson
Neal J. Fink
Robert B. Goldberg (GA & SC)
Amy L. Kaye
Albert L. Labovitz (GA & AL)
M. Barry Leitz

Attorneys At Law
One Securities Centre
Suite 400
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305-1743
404-233-2800
Facsimile 404-233-2188

Of Counsel:
Donald J. Ellis
David I. Funk
Russell H. Kasper, P.C.
Jane R. Leitz
Clay M. White

E-mail: rdokson@ellisfunk.com

February 9, 2006

**VIA TELEFAX (212) 681-0300**
**AND CERTIFIED MAIL**
**RETURN-RECEIPT REQUESTED**

Glenn F. Ostrager, Esq.
Ostrager Chong Flaherty & Broitman, P.C.
250 Park Avenue, Suite 825
New York, NY 10177

**VIA TELEFAX (212) 486-0462**
**AND CERTIFIED MAIL RETURN-**
**RECEIPT REQUESTED**

Paul D. Wexler, Esq.
Bragar, Wexler, Eagel & Morgenstern, P.C.
885 Third Avenue
New York, New York 10022

> RE:    **Segen v. Comvest, etc.; Civil Action File No. 04-822-JJF (United**
> **States District Court for the District of Delaware) ("the Lawsuit")**

Gentlemen:

Enclosed you will find copies of two (2) Notices of Deposition for your depositions in the above-styled case (along with copies of two Subpoenas since you have indicated that you will not appear for deposition without a subpoena. The originals of the Subpoenas will be served shortly.) I have chosen the date of Tuesday, March 14, 2006 to take those depositions, and the place Glenn's office. However, I am amenable to discussing an alternative if this date is not convenient, or another location if you prefer.

We will be arranging to have the original of these Notices filed with the Court, and, as indicated above, you will soon be formally served with the Subpoenas. We will thereafter serve subpoenas in sufficient time prior to the deposition date. However, I wanted to get this information to you as soon as possible, as I understand you may want to seek a protective order from the trial court.

Glenn F. Ostrager, Esq.
Paul D. Wexler, Esq.
February 9, 2006
Page 2 of 2

Please note that I will be on vacation and out of the country from February 10th through and including February 21st. Consequently, if you do seek to have a hearing (telephonic or otherwise) in the trial court on any motion for protective order which you may file with respect to these noticed depositions, please do not schedule any such hearing during the time of my absence.

If you would like to discuss this matter, please feel free to give me a call.

With respect to your depositions of the various defendants, and in response to your recent e-mail, I understood from prior conversations and e-mails that Plaintiff was going to proceed first with the Rule 30 (b)(6) depositions of the non-individual defendants. We will make RMC's representative, Michael Acks, available in Atlanta rather than in RMC's principal place of business, Las Vegas. Please call so we can discuss dates. Given my schedule, this will have to be in March.

We look forward to hearing from you.

Best regards.

Sincerely,

**ELLIS FUNK, P.C.**

By: _____

Robert N. Dokson

RND/gfg
Enclosure

Cc:   Steven Paradise, Esq. (with enclosures)
      Neal Levitsky, Esq. (with enclosures)

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Correspondence\Wexler & Ostrager ltr 02 02 2006.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Leon Segen, derivatively on behalf of Intraware, Inc., Plaintiff | ) ) ) ) | |
| v. | ) ) | Civil Action File No. 04-822-JJF |
| Comvest Venture Partners, LP, Comvest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates, L.P., RMC Capital, LLC, Michael S. Falk, Robert Priddy, Travis L. Provow, Keith Rosenbloom and Intraware, Inc., Defendants. | ) ) ) ) ) ) ) ) ) | |

## NOTICE OF DEPOSITION
## OF GLENN F. OSTRAGER, ESQ.

TO:    Plaintiff Leon Segen c/o his counsel of record

Paul D. Wexler, Esq.
Bragar, Wexler, Eagel & Morgenstern, P.C.
885 Third Avenue
New York, New York 10022

and

Glenn F. Ostrager, Esq.
Ostrager Chong Flaherty & Broitman, P.C.
250 Park Avenue
New York, New York  10177-0899

Please be advised that pursuant to the provisions of F.R.C.P. Rules 30 and 34, Defendants

Robert Priddy and RMC Capital, LLC, will take the deposition of Glenn F. Ostrager, Esq. for all

purposes permitted under the Federal Rules of Civil Procedure, including discovery and cross

examination. The deposition will be taken pursuant to a subpoena which will be issued and served upon Mr. Ostrager pursuant to the applicable provisions of the Federal Rules of Civil Procedure. The deposition will be taken before a court reporter duly authorized to administer oaths.

The date, time and place of the deposition will be as follows:

Date:  March 14, 2006;

Time:  beginning at 9:30 a.m. and continuing from day to day and time to time until completed;

Place:  Mr. Ostrager's office, at the address set forth above.

Pursuant to the provisions of F.R.C.P. Rule 34, the Deponent is requested and required to produce the documents set forth on Exhibit "A" to this Notice.

You are requested to attend this deposition.

This _____ day of _____, 2006.

Respectfully submitted,

_____
Neal J. Levitsky, Esquire (#2902)
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
Wilmington, DE  19899-2323
(302) 622-4200
Attorneys for Defendants RMC Capital,
LLC and Robert Priddy

OF COUNSEL:        Robert N. Dokson, Esquire
                   Ellis Funk, P.C.
                   One Securities Center, Suite 400
                   3490 Piedmont Road
                   Atlanta, Georgia  30305
                   (404) 233-2800

Date: _____

## EXHIBIT "A" – DOCUMENTS TO BE PRODUCED AT
## DEPOSITION OF GLENN F. OSTRAGER, ESQ.

1.    All documents in any way related to or probative of the information contained in the July 5, 2002 demand letter from Glenn Ostrager, Esq. to the Board of Directors of Intraware, Inc., a copy of which is attached as Exhibit "F" to the Defendants' Robert Priddy's and RMC Capital, LLC's First Request For Admissions To Plaintiff Leon Segen ("Admissions"), previously served in this action.

2.    Any and all documents in any way related to or probative of the allegation in Paragraph 1 of the Complaint that Plaintiff Segen is a stockholder of Intraware.  This request specifically includes, but is not limited to, any documents showing when Plaintiff Segen became an owner of stock in Intraware and whether or not Plaintiff Segen was a stockholder of Intraware at the time of the transactions in question and at the time that the above-referenced action was filed.

3.    Any and all documents of any nature whatsoever in any way related to or supportive of the "group" claims asserted by Plaintiff in the above-referenced litigation.

4.    If the Plaintiff contends that any of the Defendants, except for Defendants Comvest Venture Partners, LP and Robert Priddy, engaged in any matching transactions with respect to Intraware securities which would render such defendant liable for § 16 (b) purposes, any and all documents in any way related to any such allegedly disgorgeable matching transactions for any of the defendants other than Comvest Venture Partners, LP or Robert Priddy.

5.    Any and all documents which in any way indicate when and how Plaintiff or his representatives learned of the transactions described in Paragraph 31 of the Complaint. This item specifically includes, but is not limited to any time records prepared or maintained by Mr. Ostrager or his firm, whether in hard copy or electronic format.

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\EXHIBIT A.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern                                                    New York
———————————————— DISTRICT OF ————————————————

Leon Segen, derivatively on behalf of
Intraware, Inc.,
              Plaintiff                    **SUBPOENA IN A CIVIL CASE**
         V.

Comvest Venture Partners, LP, et al.,      CASE NUMBER:[1]  04-822-JJF
              Defendants                                (District of Delaware)


TO:  Glenn F. Ostrager, Esq.


☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ostrager Chong Flaherty & Broitman, P.C. 250 Park Avenue, New York, New York 10022 | March 14, 2006 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Ostrager Chong Flaherty & Broitman, P.C. 250 Park Avenue, New York, New York 10022 | March 14, 2006 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Robert N. Dokson, Counsel For Defendants Pridley and VPVC Capital LLC* | 2/9/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
  Robert N. Dokson, Esq., Suite 400, 3490 Piedmont Road
  Atlanta, GA 30305  (404) 233-2800 (Ext. 235)

## EXHIBIT "A" – DOCUMENTS TO BE PRODUCED AT
## DEPOSITION OF GLENN F. OSTRAGER, ESQ.

1.  All documents in any way related to or probative of the information contained in the July 5, 2002 demand letter from Glenn Ostrager, Esq. to the Board of Directors of Intraware, Inc., a copy of which is attached as Exhibit "F" to the Defendants' Robert Priddy's and RMC Capital, LLC's First Request For Admissions To Plaintiff Leon Segen ("Admissions"), previously served in this action.

2.  Any and all documents in any way related to or probative of the allegation in Paragraph 1 of the Complaint that Plaintiff Segen is a stockholder of Intraware. This request specifically includes, but is not limited to, any documents showing when Plaintiff Segen became an owner of stock in Intraware and whether or not Plaintiff Segen was a stockholder of Intraware at the time of the transactions in question and at the time that the above-referenced action was filed.

3.  Any and all documents of any nature whatsoever in any way related to or supportive of the "group" claims asserted by Plaintiff in the above-referenced litigation.

4.  If the Plaintiff contends that any of the Defendants, except for Defendants Comvest Venture Partners, LP and Robert Priddy, engaged in any matching transactions with respect to Intraware securities which would render such defendant liable for § 16 (b) purposes, any and all documents in any way related to any such allegedly disgorgeable matching transactions for any of the defendants other than Comvest Venture Partners, LP or Robert Priddy.

5.  Any and all documents which in any way indicate when and how Plaintiff or his representatives learned of the transactions described in Paragraph 31 of the Complaint. This item specifically includes, but is not limited to any time records prepared or maintained by Mr. Ostrager or his firm, whether in hard copy or electronic format.

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\EXHIBIT A.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Leon Segen, derivatively              )
on behalf of Intraware, Inc.,         )
      Plaintiff                      )
                                      )
v.                                    )    Civil Action File No. 04-822-JJF
                                      )
Comvest Venture Partners, LP, Comvest )
Management, LLC, Commonwealth         )
Associates Management Company, Inc.,  )
Commonwealth Associates, L.P., RMC Capital, )
LLC, Michael S. Falk, Robert Priddy,  )
Travis L. Provow, Keith Rosenbloom and )
Intraware, Inc.,                      )
      Defendants.                    )

## NOTICE OF DEPOSITION
## OF PAUL D. WEXLER, ESQ.

TO:    Plaintiff Leon Segen c/o his counsel of record

        Paul D. Wexler, Esq.
        Bragar, Wexler, Eagel & Morgenstern, P.C.
        885 Third Avenue
        New York, New York 10022

            and

        Glenn F. Ostrager, Esq.
        Ostrager Chong Flaherty & Broitman, P.C.
        250 Park Avenue
        New York, New York  10177-0899

Please be advised that pursuant to the provisions of F.R.C.P. Rules 30 and 34, Defendants

Robert Priddy and RMC Capital, LLC, will take the deposition of Paul D. Wexler, Esq. for all

purposes permitted under the Federal Rules of Civil Procedure, including discovery and cross

examination. The deposition will be taken pursuant to a subpoena which will be issued and served upon Mr. Wexler pursuant to the applicable provisions of the Federal Rules of Civil Procedure. The deposition will be taken before a court reporter duly authorized to administer oaths.

The date, time and place of the deposition will be as follows:

Date:   March 14, 2006;

Time:   beginning at 11:30 a.m. and continuing from day to day and time to time until completed;

Place:  Mr. Ostrager's office, at the address set forth above.

Pursuant to the provisions of F.R.C.P. Rule 34, the Deponent is requested and required to produce the documents set forth on Exhibit "A" to this Notice.

You are requested to attend this deposition.

This _____ day of _____, 2006.

Respectfully submitted,

_____
Neal J. Levitsky, Esquire (#2902)
Fox Rothschild, LLP
919 N. Market Street, Suite 1300
Wilmington, DE  19899-2323
(302) 622-4200
Attorneys for Defendants RMC Capital,
LLC and Robert Priddy

OF COUNSEL:        Robert N. Dokson, Esquire
                   Ellis Funk, P.C.
                   One Securities Center, Suite 400
                   3490 Piedmont Road
                   Atlanta, Georgia  30305
                   (404) 233-2800

Date: _____

## EXHIBIT "A" – DOCUMENTS TO BE PRODUCED AT
## DEPOSITION OF PAUL D. WEXLER, ESQ.

1.   All documents in any way related to or probative of the information contained in the July
     5, 2002 demand letter from Glenn Ostrager, Esq. to the Board of Directors of Intraware,
     Inc., a copy of which is attached as Exhibit "F" to the Defendants' Robert Priddy's and
     RMC Capital, LLC's First Request For Admissions To Plaintiff Leon Segen
     ("Admissions"), previously served in this action.

2.   Any and all documents in any way related to or probative of the allegation in Paragraph 1
     of the Complaint that Plaintiff Segen is a stockholder of Intraware.    This request
     specifically includes, but is not limited to, any documents showing when Plaintiff Segen
     became an owner of stock in Intraware and whether or not Plaintiff Segen was a
     stockholder of Intraware at the time of the transactions in question and at the time that the
     above-referenced action was filed.

3.   Any and all documents of any nature whatsoever in any way related to or supportive of
     the "group" claims asserted by Plaintiff in the above-referenced litigation.

4.   If the Plaintiff contends that any of the Defendants, except for Defendants Comvest
     Venture Partners, LP and Robert Priddy, engaged in any matching transactions with
     respect to Intraware securities which would render such defendant liable for § 16 (b)
     purposes, any and all documents in any way related to any such allegedly disgorgeable
     matching transactions for any of the defendants other than Comvest Venture Partners, LP
     or Robert Priddy.

5.   Any and all documents which in any way indicate when and how Plaintiff or his
     representatives learned of the transactions described in Paragraph 31 of the Complaint.
     This item specifically includes, but is not limited to any time records prepared or
     maintained by Mr. Wexler or his firm, whether in hard copy or electronic format.

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\EXHIBIT A (2).doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern ——————————————————— New York
                          DISTRICT OF ————————

Leon Segen, derivatively on behalf of
Intraware, Inc.,
                Plaintiff

                    V.                          **SUBPOENA IN A CIVIL CASE**

Comvest Venture Partners, LP, et al.,
                Defendants                       CASE NUMBER:[1] 04-822-JJF
                                                          (District of Delaware)

TO:   Paul D. Wexler, Esq.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ostrager Chong Flaherty & Broitman, P.C. 250 Park Avenue, New York, New York 10022 | March 14, 2006 11:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Ostrager Chong Flaherty & Broitman, P.C. 250 Park Avenue, New York, New York 10022 | March 14, 2006 11:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Counsel for Defendants Riddle and Comvest Capital L.L.C. | 3/9/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert N. Dokson, Esq., Suite 400, 3490 Piedmont Road
Atlanta, GA 30305 (404) 233-2800 (Ext. 235)

## EXHIBIT "A" – DOCUMENTS TO BE PRODUCED AT DEPOSITION OF PAUL D. WEXLER, ESQ.

1.  All documents in any way related to or probative of the information contained in the July 5, 2002 demand letter from Glenn Ostrager, Esq. to the Board of Directors of Intraware, Inc., a copy of which is attached as Exhibit "F" to the Defendants' Robert Priddy's and RMC Capital, LLC's First Request For Admissions To Plaintiff Leon Segen ("Admissions"), previously served in this action.

2.  Any and all documents in any way related to or probative of the allegation in Paragraph 1 of the Complaint that Plaintiff Segen is a stockholder of Intraware. This request specifically includes, but is not limited to, any documents showing when Plaintiff Segen became an owner of stock in Intraware and whether or not Plaintiff Segen was a stockholder of Intraware at the time of the transactions in question and at the time that the above-referenced action was filed.

3.  Any and all documents of any nature whatsoever in any way related to or supportive of the "group" claims asserted by Plaintiff in the above-referenced litigation.

4.  If the Plaintiff contends that any of the Defendants, except for Defendants Comvest Venture Partners, LP and Robert Priddy, engaged in any matching transactions with respect to Intraware securities which would render such defendant liable for § 16 (b) purposes, any and all documents in any way related to any such allegedly disgorgeable matching transactions for any of the defendants other than Comvest Venture Partners, LP or Robert Priddy.

5.  Any and all documents which in any way indicate when and how Plaintiff or his representatives learned of the transactions described in Paragraph 31 of the Complaint. This item specifically includes, but is not limited to any time records prepared or maintained by Mr. Wexler or his firm, whether in hard copy or electronic format.

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\EXHIBIT A (2).doc

# EXHIBIT "B"

### BRAGAR WEXLER & EAGEL, P.C.

ATTORNEYS AT LAW
885 THIRD AVENUE, SUITE 3040
NEW YORK, NEW YORK 10022
(212) 308-5858
FACSIMILE: (212) 486-0462

February 13, 2006

PAUL D. WEXLER

E-MAIL: wexler@bragarwexler.com

### BY FACSIMILE and REGULAR MAIL

Robert N. Dokson, Esq.
Ellis, Fund, Goldberg, Labovitz
  & Dokson, P.C.
3490 Piedmont Road, N.E.
Atlanta, Georgia 30305-1743

> Re: *Segen v. ComVest Ventures Partners, LP*
>       04-822-JJF (D.Del.)

Dear Counsel:

    Glenn Ostrager and I are in receipt of the Notices of
Deposition (the "Notices") and a letter from you dated
February 9, 2006. I write to request that you withdraw the
Notices and any subpoenas that you plan to serve by close
of business on February 15, 2006. If you fail to do so, we
shall seek appropriate sanctions against you pursuant to
Fed. R. Civ. P. 37(g)(2) along with our motion to quash the
Notices and subpoenas.

    It is plain that the subpoenas and the Notices are not
interposed for any proper purpose but simply to harass your
adversaries in this litigation and to cause unnecessary
costs and expenses. The evidence of your bad faith is
apparent. First, the documents you seek in the subpoenas
have already been produced in response to a Rule 34 Request
served on the plaintiff. You have no basis to issue a
subpoena seeking the same documents from plaintiff's
counsel, ignoring the fact that you have already made the
same requests on plaintiff himself. No proper purpose could
be served by such tactics.

BRAGAR WEXLER & EAGEL, P.C.

Robert N. Dokson, Esq.
Ellis, Fund, Goldberg, Labovitz & Dokson, P.C.
February 13, 2006
Page 2

Second, as I have repeatedly told you, you have no
basis to seek depositions of counsel, which you have in the
past suggested is necessary for you to pursue your statute
of limitations defense. You have already taken Mr. Segen's
deposition on this subject, which I might add you conducted
in an abusive and bullying manner. The only two Court of
Appeals cases on the issue of statute of limitations in
§16(b) cases are *Whittaker v. Whittaker Corp.,* 639 F. 2d
516 (9th Cir.), *cert. denied,* 454 U.S. 1031 (1981) and
*Litzler v. CC investments L.D.C.,* 362 F.3d 203 (2d Cir.
2004). There is nothing in those cases or any district
court case that I am aware of to suggest that knowledge of
plaintiff's counsel should be imputed to the plaintiff and
by extension to the corporate issuer so as to bar a §16(b)
claim. It should be obvious even to you that such an absurd
result would make the statute totally unworkable.

Finally, if that wasn't enough, in an attempt to head
off the motion practice that you now seem bound and
determined to engender, both Glenn and I represented to you
that neither of us had any knowledge of the claim prior to
the date of the demand letter. Our representation, of
course, was without prejudice to our legal position that
our knowledge of the facts has no relevance to the issue.
Nevertheless, you seek to take our depositions to obtain
the same information. Once can only conclude that your goal
is not to obtain legitimate information, but to harass
plaintiff's counsel.

The case law is clear that it is inappropriate to seek
depositions of opposing counsel, except in the rarest of
circumstances where the proponent of the discovery can
establish that there is no other means of obtaining the
information, the information sought is relevant and non-
privileged and the information is crucial to the
preparation of the case. See, e.g., *Shelton v. Amer. Motors
Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986); *Smith v. U.S.*
193 F.R.D. 201, 215 (D. Del. 2000). The Notices and
subpoenas meet none of these tests.

In light of all of theses facts, there is no question

BRAGAR WEXLER & EAGEL, P.C.

Robert N. Dokson, Esq.
Ellis, Fund, Goldberg, Labovitz & Dokson, P.C.
February 13, 2006
Page 3

that your Notices and subpoenas are issued in bad faith. I
am hopeful that at this late date you will see the light
and withdraw them. Failing that, we intend to seek
sanctions against you in the amount of our legal fees and
costs in quashing the discovery demands.

                                        Very truly yours,

                                        Paul D. Wexler


Cc: Glenn F. Ostrager, Esq.
    Steven Paradise, Esq.

```
                        *********************
                   ***    TX REPORT    ***
                        *********************


        TRANSMISSION OK

        TX/RX NO              4046
        RECIPIENT ADDRESS     14042332188
        DESTINATION ID
        ST. TIME             02/13 10:48
        TIME USE             01'08
        PAGES SENT           4
        RESULT               OK
```

## BRAGAR WEXLER & EAGEL, P.C.

Attorneys at Law
885 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 308-5858
FACSIMILE: (212) 486-0462

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Robert Dokson, Esq. 404-233-2188 | Paul Wexler, Esq. |
| Glenn Ostrager, Esq. 212-681-0300 | |
| Steven Paradise, Esq. 917-849-5338 | |

| COMPANY: | DATE: 2/13/2006 |
|---|---|
| | TOTAL NO. OF PAGES INCLUDING COVER: |

| PHONE NUMBER: | BWEM MATTER NUMBER: |
|---|---|

| RE: | YOUR REFERENCE NUMBER: |
|---|---|

NOTES/COMMENTS:

```
        ********************
  ***    TX REPORT    ***
        ********************


  TRANSMISSION OK

  TX/RX NO              4047
  RECIPIENT ADDRESS     12126810300
  DESTINATION ID
  ST. TIME              02/13 10:50
  TIME USE              01'08
  PAGES SENT           4
  RESULT               OK
```

# BRAGAR WEXLER & EAGEL, P.C.

Attorneys at Law
885 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 308-5858
FACSIMILE: (212) 486-0462

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|-----|-------|
| Robert Dokson, Esq.404-233-2188 | Paul Wexler, Esq. |
| Glenn Ostrager, Esq. 212-681-0300 | |
| Steven Paradise, Esq. 917-849-5338 | |
| **COMPANY:** | **DATE:** 2/13/2006 |
| : | TOTAL NO. OF PAGES INCLUDING COVER: |
| **PHONE NUMBER:** | **BWEM MATTER NUMBER:** |
| **RE:** | YOUR REFERENCE NUMBER: |

NOTES/COMMENTS:

```
                    *********************
              ***    TX REPORT     ***
                    *********************


        TRANSMISSION OK

        TX/RX NO            404B
        RECIPIENT ADDRESS   19178495338
        DESTINATION ID
        ST. TIME            02/13 10:51
        TIME USE            01'18
        PAGES SENT          4
        RESULT              OK
```

# BRAGAR WEXLER & EAGEL, P.C.

Attorneys at Law
885 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 308-5858
FACSIMILE: (212) 486-0462

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: | FROM: |
| Robert Dokson, Esq. 404-233-2188 | Paul Wexler, Esq. |
| Glenn Ostrager, Esq. 212-681-0300 | |
| Steven Paradise, Esq. 917-849-5338 | |
| COMPANY: | DATE:<br>2/13/2006 |
| | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | BWEM MATTER NUMBER |
| RE: | YOUR REFERENCE NUMBER: |

NOTES/COMMENTS:

## CERTIFICATE OF SERVICE

I, hereby certify that on March 1, 2006, I electronically filed Paul D. Wexler Affirmation

with the Clerk of Court using CM/ECF which will send notification of such filing to the

following:

Jeffrey L. Moyer, Esquire
Alyssa M. Schwartz, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19899

Neal J. Levitsky, Esquire
FOX ROTHSCHILD LLP
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323

Kurt Heyman, Esquire
Procter Heyman, LLP
1116 West Street
Wilmington, DE 19801

I, hereby certify that on March 1, 2006, I have mailed by United States Postal Service, the

document to the following non-registered participants:

Clifford Thau, Esquire
Steven R. Paradise, Esquire
Sean Bukowski, Esquire
VINSON & ELKINS, L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040

Robert N. Dokson, Esquire
ELLIS, FUNK, GOLDBERG, LABOVITZ & DOKSON, P.C.
One Securities Centre, Suite 400
3490 Piedmont Road
Atlanta, GA 30305

/s/ Theodore J. Tacconelli
Ferry, Joseph & Pearce, P.A.
824 Market Street
(302) 575-1555
ttacconelli@ferryjoseph.com