## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Leon Segen, derivatively<br>on behalf of Intraware, Inc.,<br>      Plaintiff<br><br>v.<br><br>Comvest Venture Partners, LP, Comvest<br>Management, LLC, Commonwealth<br>Associates Management Company, Inc.,<br>Commonwealth Associates, L.P., RMC Capital,<br>LLC, Michael S. Falk, Robert Priddy,<br>Travis L. Provow, Keith Rosenbloom and<br>Intraware, Inc.,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No. 04-822-JJF |

### DEFENDANTS ROBERT PRIDDY'S AND
### RMC CAPITAL, LLC'S BRIEF IN OPPOSITION
### TO PLAINTIFF'S MOTION TO VACATE NOTICES OF DEPOSITION,
### QUASH SUBPOENAS AND FOR RULE 37 COSTS AND
### IN SUPPORT OF PRIDDY DEFENDANTS' REQUEST FOR
### RULE 37 FEES AND EXPENSES

**COME NOW** Defendants Robert Priddy ("Mr. Priddy") and RMC Capital, LLC ("RMC") (hereinafter Mr. Priddy and RMC referred to collectively as "the Priddy Defendants") and file this brief in opposition to Plaintiff's Motion To Vacate Notices of Deposition, Quash Subpoenas and for Rule 37 Costs (hereinafter "Motion To Quash"), showing as follows:

**TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS ................................................. 2

TABLE OF CITATIONS................................................ 4

PART I – STATEMENT OF THE NATURE AND
       STAGE OF PROCEEDING .................................... 6

PART II – SUMMARY OF ARGUMENT ................................ 8

PART III – ARGUMENT AND CITATION OF AUTHORITY ........................ 10

    A.    Two Lines of Cases Exist Regarding Depositions
        Of Counsel. Under Either Line of Authority The
        Depositions of Plaintiff's Counsel In This Case Are
        Appropriate................................................. 10

            1.  The Information Is Relevant..................................... 13
            2.  The Information Sought Is Crucial ............................ 16
            3.  The Information Sought Is Not Otherwise
               Available ................................................ 17

    B.    That The Documents Sought To Be Produced Pursuant To The
        Subpoenas Are Essentially The Same As Those Previously Sought
        Is Not A Basis To Grant A Motion To Quash. This Is Especially
        True Because Plaintiff Produced Virtually No Documents And
        Waived Any Claim of Privilege ............................................18

            1.  Mr. Segen Produced Virtually No Documents ...............18
            2.  Even If Mr. Segen Does Not Possess Responsive
               Documents, Those In His Counsel's Possession Are
               Also Subject To Production.................................... 18
            3.  Any Claim Of Privilege Regarding Document Production
               Has Been Waived By Mr. Segen's Failure To Respond
               Timely................................................... 19

    C.    The Plaintiff's Contention That The Subpoenas Were Issued To
        Harass Plaintiff And Cause Unnecessary Costs And Expenses
        Cannot Withstand Scrutiny................................... 20

WM1A 75586v1 03/20/06

D.    The Court Should Deny Plaintiff's Request For Rule 37 Costs And Award Fees And Expenses Under Rule 37 In Favor Of The Priddy Defendants...................................................................... 20

CONCLUSION .................................................................... 21

Cases Attached Pursuant To Local Rule 7.1.3 (a)(G) (LEXIS Citations Only) ........... 24

WM1A 75586v1 03/20/06

## TABLE OF CITATIONS

**(A)**   **Cases**                                                                                              **Page**

AaiPHARMA, Inc. v. Kremers Urban Development Co.,
361 F. Supp. 2d 770 (N.D. Ill. 2005) ....................................................... 11

Applied Biosystems, Inc. v. Cruachem, Inc.,
1990 U.S. Dist. LEXIS 21003 (D. Del. 1990) (copy attached) ........................  19

Cook, Inc. v. C.R. Bard, Inc., 2003 U.S. Dist. LEXIS 20779 (S.D. Ind. 2003)
(copy attached) ............................................................................…..…….  11

Hunt International Resources Corp. v. Binstein, 98 F.R.D. 689 (N.D. Ill. 1983) .. 11,12,17

In Re Arthur Treacher's Franchisee Litigation, 92 F.R.D. 429 (E.D. Pa. 1981) ........ 12

In Re Subpoena Issued To Dennis Friedman, Esq., 350 F. 3d 65 (2nd Cir. 2003) ......11

Kaison v. Mutual Life Ins. Co., 161 F.R.D. 378 (S.D. Ind. 1994) .......................11

Litzler v. CC Investments, L.D.C., 362 F. 3rd 203 (2nd Cir. 2004) .................... 8,14,15

Mercy Catholic Medical Center v. Thompson, 380 F. 3rd 142 (3rd Cir. 2004) ......... 18-19

Morales v. Executive Telecard, Ltd.,
1998 U.S. Dist. LEXIS 8839 (S.D. N.Y. 1998) (copy attached) ......................... 14

Owens v. Lac D'Amiante Du Quebec, Ltd., 656 F. Supp. 981 (E.D. Pa. 1987),
aff'd without opinion, 833 F. 2d 305 (3rd Cir. 1987) ................................... 15

Qad, Inc. v. ALN Assoc., Inc., 132 F.R.D. 492 (N.D. Ill. 1990) ....................... 11

Poole v. Textron, Inc., 192 F.R.D. 494 (D. Md. 2000) ................................... 19

Rohm and Haas Co. v. Brotech Corp.,
1990 U.S. Dist. LEXIS 20117 (D. Del. 1990) (copy attached) ...........…..……... 19

Shelton v. American Motors Corp., 805 F. 2d 1323 (8th Cir. 1986) ...............  8,10,11,
                                                                                       12, 13,17

Smith v. Ayer, 101 U.S. 320, 256 L.Ed 955 (1880) ...................................... 15

Smith v. U.S., 193 F.R.D. 201 (D. Del. 2000) ......................................... 11

- 4 -

Tri-Star Corp. v. Freitas, 84 F. 3d 550 (2nd Cir. 1996) ……………………………… 14

Walker v. United Parcel Service, 87 F.R.D. 360 (E.D. Pa. 1980) …………………… 12

Whittaker v. Whittaker Corp., 639 F. 2d 516 (9th Cir. 1981),
cert. denied 454 U.S. 1031 (1981) …………………………………………………….... 13, 14

**(B)**    **Statutes**                                                                                   **Page**

10 U.S.C. §1102 …………………………………………………………………… 11

15 U.S.C. §78p ("The Exchange Act") ……………………………………… 6, 13, 21

**(C)**    **Federal Rules of Civil Procedure**

F.R.C.P. Rule 30 ………………………………………………………………… 12

F.R.C.P. Rule 31 ………………………………………………………………...12

F.R.C.P. Rule 34 (a/k/a Rule 34) ……………………………………………... 9, 18, 19

F.R.C.P. Rule 37 ………………………………………………….. 7, 10, 20, 21, 22

**(D)**    **Administrative Rules**

SEC Rule 16 b – 6 (c)(2) …………………………………………………….... 16

WM1A 75586v1 03/20/06

I.    **Statement of the Nature and Stage of Proceeding**.

The above-styled action involves a claim for disgorgement of alleged "short swing profits" under Section 16 (b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78p. The Motion To Quash now before the Court involves an attempt by counsel for the Plaintiff ("Mr. Segen") to avoid being deposed.

The underlying facts are set forth in detail in Affidavits of Robert N. Dokson, counsel for the Priddy Defendants ("Dokson Affidavit"), and Steven Paradise, counsel for all of the defendants other than the Priddy Defendants ("Paradise Affidavit"), and will not be recited at length here.  Suffice it to say, the Priddy Defendants originally noticed three (3) depositions – those of Mr. Segen and his two attorneys – Mr. Wexler and Mr. Ostrager.  Counsel expressed strong objection to their being deposed.  Even though the Priddy Defendants' counsel believed (and believe) that the initial notices to counsel for Plaintiff were legally appropriate, he agreed to suspend the notices to counsel and proceed first with only Mr. Segen's deposition, in the hope that Mr. Segen could provide the requisite factual information, thereby rendering unnecessary his counsels' depositions and avoiding a discovery dispute.

Mr. Segen was deposed in New York on November 1, 2005.  Unfortunately, he was able to provide virtually no substantive factual testimony, other than that he had purchased Intraware stock.  See Dokson Affidavit, ¶ 7.  So, for example, Mr. Segen could not testify about when he or his counsel learned the details of the transactions attacked in this action ("the Paragraph 31 Knowledge"), or what was the factual basis of his "group" allegations,[1] or what were the factual reasons for the denial of numerous requests to admit previously served on Plaintiff.  Similarly,

---

[1] In the Court's Memorandum Opinion on the Defendants' Motion To Dismiss, entered on June 2, 2005 ("the June 2nd Order"), the Court denied the Motion, stating that further factual development was required on both the equitable tolling issue and the group allegations. See June 2nd Order at 8,9.

WM1A 75586v1 03/20/06

Mr. Segen produced no documents in response to a request to produce other than two pages of a trade confirmation showing that he bought the Intraware stock. However, Mr. Segen further testified that his counsel might have information and documents addressing these matters.

Still hoping to avoid a discovery fight, Defendants' counsel proposed a factual stipulation limited primarily to the issue of when Plaintiff or his counsel learned the Paragraph 31 Knowledge. Defendants' counsel, even though they believed there were other factual issues as to which they had a right to discovery from Plaintiff's counsel, were willing to forego such other discovery if they could have obtained a factual stipulation on this timing issue.

Unfortunately, the parties could not agree on such a stipulation. Consequently, the Priddy Defendants, having exhausted all other possibilities for obtaining necessary factual information, or creating the requisite factual record, served the subpoenas now at issue in the pending Motion To Quash in order to seek discovery about this crucial information. Knowing that Plaintiff's counsel intended to oppose the subpoenas, the Priddy Defendants' counsel selected dates for the depositions far enough in advance to allow Plaintiff's counsel to bring this issue to the Court, which they have now done with the filing of the Motion To Quash.

For the reasons set forth below, the Priddy Defendants show that the Motion To Quash is not meritorious, and should be denied in all respects. Furthermore, the Priddy Defendants submit that because the Motion To Quash was not substantially justified, the Court should enter an award in favor of the Priddy Defendants, and against Plaintiff, for fees and expenses pursuant to F.R.C.P. Rule 37 (a) (4).

II.    <u>Summary of Argument</u>.

      1.     The Priddy Defendants first argue that there are two separate lines of cases involving depositions of opposing counsel – the "rigid" <u>Shelton</u> rule,[2] and a more liberal rule. However, under either approach the depositions of Plaintiff's counsel in this case are appropriate since the information sought through discovery is relevant, crucial, and no other means exists to obtain that information.

      2.     As to the relevancy issue, the Priddy Defendants show that the knowledge of the Claimant (Mr. Segen) with respect to the Paragraph 31 Knowledge issue is directly relevant to the statute of limitations/equitable tolling issues before the Court.  The leading case on equitable tolling in Section 16(b) actions – <u>Litzler v. CC Investments, L.D.C.</u>[3] - specifically states that actual notice of the facts supporting a §16 (b) claim by either the <u>claimant</u> or the issuer restarts any tolled statute of limitations, not just notice to the issuer, as Plaintiff claims.  Additionally, the Priddy Defendants show that even if Mr. Segen himself did not have the Paragraph 31 Knowledge, his attorneys' knowledge is as a matter of law imputed to him.

      3.     Also as to the relevancy issue, this Court has already stated that "there must be a full factual record for the Court to properly determine whether a group exists and, if so, what its dimensions are." June 2nd Order at 9.  Thus, discovery relating to the group allegations is also obviously relevant.

      4.     As to the discovery sought being crucial, the Priddy Defendants show that the statute of limitations issue is one of the Defendants' primary defenses in this case, which if

---

[2] <u>See</u> <u>Shelton v. American Motors Corp.</u>, 805 F. 2d 1323 (8th Cir. 1986).

[3] 362 F. 3rd 203 (2nd Cir. 2004).

sustained, ends the case.  Similarly, Plaintiff cannot prevail in this case unless he can establish his group allegations.  Thus, neither of these issues is minor or peripheral; both are crucial.

5.    As to the discovery not being available elsewhere, the Priddy Defendants show that they attempted to obtain the required information directly from the Plaintiff, and (as to one issue) by factual stipulation.  Mr. Segen could not provide this information, leaving the Priddy Defendants with no alternative except to seek the deposition of those possessing such knowledge, Plaintiff's counsel.

6.    As to Plaintiff's contention that the subpoenas are inappropriate because they seek documents previously requested in a Rule 34 request to produce, the Priddy Defendants show that this contention is erroneous for numerous reasons.  First, Mr. Segen only produced two (2) pages of documents, ignoring several categories of requested documents (such as those showing when he or his representatives first obtained the Paragraph 31 Knowledge, and those relating to the group allegations).  Next, to the extent Plaintiff may try to argue that certain responsive documents (like time records) are not in his possession, but in counsel's, the law under Rule 34 is clear that responsive documents in counsel's possession must be produced.  Finally, to the extent Plaintiff may try to argue that additional responsive documents are protected from production by privilege, any claim of privilege was waived as a matter of long established law in this district by Plaintiff's failure to respond timely to the Rule 34 document request.

7.    As to the contention that the Notices and Subpoenas were issued to cause Plaintiff "unnecessary trouble and expense," the Priddy Defendants show that the trouble and expense inherent in their counsel having to make a second trip to New York to depose Plaintiff's counsel is much more burdensome and costly to the Priddy Defendants than it is to Plaintiff or his counsel.

- 9 -

8. Finally, with respect to the Plaintiff's claim for an award of Rule 37 costs, the Priddy Defendants show that the Motion To Quash was not substantially justified. Therefore, Rule 37 costs should be awarded in favor of the Priddy Defendants and against Plaintiff pursuant to F.R.C.P. Rule 37 (a) (4).

**III.    Argument And Citation of Authority.**

    **A.    Two Lines of Cases Exist Regarding Depositions of Counsel.  Under Either Line of Authority The Depositions of Plaintiff's Counsel In This Case Are Appropriate.**

There are two distinct lines of cases involving the issue of deposing an attorney representing a party.

One line of cases is represented by the case cited and relied upon by Plaintiff in the Motion To Quash, <u>Shelton v. American Motors</u>, 805 F.2d 1323 (8th Cir. 1986) ("Shelton"). However, even under cases like <u>Shelton</u>, a deposition of a party's counsel is not automatically precluded.  Indeed, in <u>Shelton</u> the Eighth Circuit specifically noted that "the Federal Rules of Civil Procedure <u>do</u> <u>not</u> specifically prohibit the taking of opposing counsel's deposition," and "opposing trial counsel is [not] absolutely immune from being deposed." <u>Id</u>. at 327 (emphasis added).  Nevertheless, the <u>Shelton</u> Court did adopt a three part test to determine whether or not a deposition of opposing counsel is permissible.  Those three (3) factors are that:

    (1)    no other means exist to obtain the information sought;

    (2)    the information sought be relevant and not privileged; and

    (3)    the information sought be crucial to a preparation of the case.

Id.[4/]

The Shelton test is far from settled law, and indeed the Eighth Circuit's position in Shelton has infrequently been criticized by other courts. So, for example, the Second Circuit recently rejected the "rigid" Shelton rule. In re Subpoena Issued To Dennis Friedman, Esq., 350 F. 3d 65, 67 (2nd Cir. 2003). Similarly, at least four district courts in the Seventh Circuit have declined to follow "the strict standard of Shelton." See AaiPHARMA, Inc. v. Kremers Urban Development Co., 361 F. Supp. 2d 770 (N.D. Ill. 2005), citing Cook, Inc. v. C.R. Bard, Inc., 2003 U.S. Dist. LEXIS 20779 (S.D. Ind. 2003) and Qad Inc. v. ALN Assoc., Inc., 132 F.R.D. 492 (N.D. Ill. 1990). See also Kaison v. Mutual Life Ins. Co., 161 F.R.D. 378 (S.D. Ind. 1994).

Numerous earlier cases are in accord with the more recent cases criticizing the "rigid rule" of Shelton, in that they follow the generally liberal discovery policy of the Federal Rules. So, for example, in Hunt International Resources Corp. v. Binstein, 98 F.R.D. 689 (N.D. Ill. 1983), Judge Aspen rejected an attempt to quash a deposition subpoena directed to plaintiffs' counsel. The Court there noted that "an attorney may be deposed, even if he or she represents a party to the litigation at issue". Id. at 690 (citations omitted). As to the contention that the information sought might be privileged, Judge Aspen ruled that granting a motion to quash in advance would "be premature" and "would usurp the court's role in deciding whether certain questions seek privileged information." Such "prior restraint" of the testimony of the attorney as

---

[4/] Plaintiff also relies on a case from this district, Smith v. U.S., 193 F.R.D. 201 (D. Del. 2000). That case is clearly distinguishable. In Smith, Magistrate Judge Thynge denied the deposition of counsel because, even though a "substantial need" for discovery had been established, allowing the depositions would have constituted an "end run" around the Quality Assurance ("Q.A") provisions of applicable federal law found in 10 U.S.C. § 1102. Id. at 214-15. This unique circumstance clearly is not present in the instant case.

to <u>any</u> matter – privileged or not – therefore could not be countenanced. <u>Id</u>. at 691 (emphasis in original). [5/]

     A similar result was reached <u>In Re Arthur Treacher's Franchisee Litigation</u>, 92 F.R.D. 429 (E.D. Pa. 1981). There, the district court stated that Rule 30 permits the deposition of any person, which "includes an attorney for a party to the action." <u>Id</u>. at 437. The Court noted that it was aware of nothing in the Rules to support the proposition that, in order to depose an attorney, the party seeking the deposition had to make "a strong showing of good cause." <u>Id</u>. at 438. Rather, the Court said:

> "[i]f an attorney of record possesses relevant, non-privileged information, that information ought to be discoverable just as it would be if possessed by a party or a non-party to the litigation."

<u>Id</u>. Thus, the Court permitted the deposition of counsel (although under Rule 31 instead of Rule 30).

     Finally, the district court in <u>Walker v. United Parcel Service</u>, 87 F.R.D. 360 (E.D. Pa. 1980), also acknowledged the "broad scope of discovery contemplated by the Federal Rules…" and noted that "no special privilege or immunity shields a person from deposition simply because he or she is an attorney, or even an attorney for a party to the suit." <u>Id</u>. at 361 (citations omitted). [6/]

     Whether this Court adopts the "rigid rule" of <u>Shelton</u>, or the more liberal rule such as that espoused in cases like <u>Hunt International</u>, the result is the same. That is so, because as shown

---

[5/] To the extent questions of counsel in this case may involve documents to be produced, any claim of privilege has been waived. <u>See</u> discussion <u>infra</u> at 19; Dokson Affidavit ¶ 8.

[6/] The <u>Walker</u> court nevertheless barred the attorney's deposition, but only because it would have been "largely duplicative" of other testimony (nearly fifty depositions had already been taken), and because allowing it at the late date in the proceedings (the motion before the court had already been pending three (3) years) "would occasion significant further delays." <u>Id</u>. at 361-62.

below, the three-part test of <u>Shelton</u> is clearly met. The information sought from counsel is relevant; the information is crucial; and Defendants have no other way to obtain the information sought.

**1.    <u>The Information Sought Is Relevant</u>.**

This Court in the June 2nd Order identified at least two issues requiring "further development of the facts" or "a full factual record." June 2nd Order at 8, 9. These two areas are (i) whether equitable tolling is warranted, and (ii) whether a group exists, and, if so, what its dimensions are.

**<u>Equitable Tolling</u>**

Section 16 (b) has a two (2) year statute of limitations. 15 U.S.C. § 78p(b). It is undisputed that this suit was filed well more than two (2) years after the last transaction attacked by Plaintiff.[7/] Thus, unless equitable tolling applies, all of the claims are barred by the two (2) year statute of limitations.

Plaintiff rests his equitable tolling position on the fact that Mr. Priddy did not file a Form 4 with the SEC, as required under the Exchange Act. Plaintiff correctly points out in his brief that there are two Circuit decisions involving equitable tolling in a §16 (b) case where a Form 4 has not been filed. The Ninth Circuit in <u>Whittaker v. Whitttaker Corp.</u>, 639 F. 2d 516 (9th Cir. 1981), <u>cert</u>. <u>denied</u> 454 U.S. 1031 (1981), adopted a "disclosure" rule, holding that if the Form 4 is not filed, the two year statute does not begin to run until the Form 4 is filed. This Court has, at least implicitly, rejected the <u>Whittaker</u> approach by its June 2nd Order, since if <u>Whittaker</u> were

---

[7]/The Complaint was filed July 6, 2004. The trades for which Plaintiff seek disgorgement occurred on November 9, 2001 for Comvest, and from November 19, 2001 through January 31, 2002 for Mr. Priddy. Complaint, ¶ 31.

applicable, there would be no need for "further development of the facts" as to equitable tolling. See June 2nd Order at 8.

In contrast to the Ninth Circuit, the Second Circuit recently adopted a fact based equitable tolling approach in Litzler v. C.C. Investments, L.D.C., 362 F. 3d 203 (2004). Building on an earlier Second Circuit opinion, Tri-Star Corp. v. Freitas, 84 F. 3d 550 (2nd Cir. 1996), [8] the Second Circuit in Litzler adopted a fact based approach.  There, the Court held that the running of the statute of limitations under Section 16 (b) stops running, i.e., is suspended (or tolled), from the time a party is required to file a Form 4, but fails to do so.  That suspension (or tolling) of the running of the statute does not absolutely continue until a Form 4 is filed, as Whittaker held.  Rather:

> "[S]uch tolling should continue only until the claimant or (depending upon the circumstances) the Company gets actual notice that a person subject to Section 16 (a) has realized specific short-swing profits that are worth pursuing." (emphasis added).

Litzler, 362 F. 2d at 208.  Litzler goes on to say that the actual notice which the claimant or the company must get to undo the tolling of the statute should be the "functional equivalent of the Form 4."  Id. at 208, n.6 [citing Morales v. Executive Telecard, Ltd., 1998 U.S. Dist. LEXIS 8839 (S.D.N.Y. 1998)].  It is important to note that in Tri-Star, the Second Circuit had identified the precise informational requirements of the Form 4, as follows: the insider's name; the date of the transaction; the number of shares sold or bought; and the price per share.  Tri-Star, supra, 84 F. 3d at 553.

---

[8] In Tri-Star, the Second Circuit specifically disagreed with and rejected the Ninth Circuit's approach in Whittaker. Tri-Star, supra, 84 F. 3d at 553.

Reading these Second Circuit cases together, and applying their holdings to the case at bar, there exists a key factual question: When did Mr. Segen, or his counsel, obtain the information contained in both the July 5, 2002 demand letter to Intraware and in Paragraph 31 of the Complaint ("the Paragraph 31 Knowledge")? This question is important since the information in the demand letter and in Paragraph 31 of the Complaint is exactly the equivalent of what Tri-Star says the Form 4 requires: the insider's name, date of the transaction(s), number of shares sold and price per share.

Plaintiff argues that it is irrelevant when Mr. Segen learned this information, and even more so when Mr. Segen's counsel learned it, because what is relevant is only when the issuer (Intraware) obtained this information. See Wexler Affidavit at 3. This argument is wrong and wrong again. First, it is wrong because it ignores the express holding in Litzler that the running of the statute is tolled only until "the claimant…or …the company gets actual notice…". Litzler, supra, 362 F. 3d at 208 (emphasis added). Next, as to Plaintiff's contention that counsel's knowledge is not imputed to Plaintiff, Plaintiff cites no authority for this argument, but it runs against long-settled law to the contrary. See Smith v. Ayer, 101 U.S. 320, 256 Ed. 955, (1880); Owens v. Lac D'Amiante Du Quebec, Ltd., 656 F. Supp. 981 (E.D. Pa. 1987), aff'd without opinion, 833 F. 2d 305 (3rd Cir. 1987).

Owens is particularly instructive on the question of imputed knowledge. It, like the instant case, involved a statute of limitations issue in which the statute began to run when the plaintiff knew or should have known certain facts. While the plaintiff in Owens did not possess the requisite knowledge, his attorney clearly did. The district court thus dismissed on statute of limitations grounds, finding that a client "is considered to have notice of all facts, notice of

- 15 -

which can be charged upon his attorney." Id. (citations omitted). The same principle applies in this case.

In summary, the factual question of when either Mr. Segen or his counsel learned the functionally equivalent to the Form 4 Paragraph 31 knowledge is directly relevant to the equitable tolling issue. Indeed, it goes to the heart of the "further development of the facts" to be addressed in discovery, as this Court previously ruled. See June 2nd Order at 8.

**Group Allegations**.

No lengthy discussion is required here as to the relevance of the group issue. Unless Plaintiff can prove his group allegations, his claims against Mr. Priddy fall like a house of cards, since Plaintiff contends that Mr. Priddy is liable under §16 (b) only because he was a member of the alleged group. This Court has already recognized the relevance of this group issue in the June 2nd Order, calling for "a full factual record for the Court to properly determine whether a group exists and, if so, what its dimensions are." June 2nd Order at 9. If Plaintiff is suggesting that discovery regarding the facts upon which Plaintiff relies for its group allegations is not permissible because of a lack of relevance, the Priddy Defendants suggest such a contention would border on, if not cross over into, the realm of frivolity.[9/]

2.    **The Information Sought Is Crucial**.

As noted above, the statute of limitations/equitable tolling issue and the group allegations are central issues in this case. They are not peripheral or minor matters. Plaintiff's claims rise or fall on its group allegations and are clearly barred unless he can get over the statute of limitations

---

[9/] There is another relevant area on which discovery is needed, and that is the factual basis for many of the denials by Plaintiff to the Priddy Defendants' Request To Admit. Some of these admissions go to the equitable tolling issue, but others address other issues in the case, such as the public market price of the derivative security pursuant to SEC Rule 16 b – 6 (c) (2). Defendants are entitled to learn in discovery the factual basis for these denials. Mr. Segen could not so testify to these facts, but said his lawyers could. See Dokson Affidavit, ¶ 7.

WM1A 75586v1 03/20/06

handle by establishing an entitlement to equitable tolling. On the flip side, Defendants win this

case if they either defeat equitable tolling, thereby effectuating the two-year statute of

limitations, or if they prevail on the group issue. Since these issues are crucial, and are both fact

based, discovery as to each is equally crucial. And that is in effect what this Court ruled in the

June 2nd Order when it called for "a development of the facts" (as to equitable tolling) and a "full

factual record" (as to the group allegations).

     **3.**     <u>**The Information Sought Is Not Otherwise Available**</u>.

     The Priddy Defendants tried to get the required information in numerous ways. First,

they propounded requests to admit, most of which were denied. Next, they took Mr. Segen's

deposition, but he had no information (except to testify that he bought the Intraware stock). <u>See

generally</u> Dokson Affidavit, ¶7. Mr. Segen could not provide any substantive factual

information as to the following: (i) the facts alleged in the Complaint; (ii) the denials to the

requests to admit; (iii) the equitable tolling issues; or (iv) the group allegations. However, he

stated on numerous occasions that he thought his attorneys had such information.

     Finally, as to one key factual issue – when Mr. Segen or his counsel learned the crucial

Paragraph 31 Knowledge – Defendants' counsel tried to satisfy this factual need by proposing a

factual stipulation (and they had agreed to forego deposing Plaintiff's counsel on other relevant

matters if there could be a stipulation on this issue). That attempt failed.

     Given what has transpired, the Priddy Defendants know of no other means to obtain the

relevant and crucial factual information needed to "develop the facts" and create "a full factual

record" on the central issues in this case.

     In summary, it does not matter whether this Court uses the rigid <u>Shelton</u> rule or the more

liberal rule such as that articulated in <u>Hunt International</u>. Under either approach, the deposition

- 17 -

of Plaintiff's counsel is necessary, warranted and consistent with the discovery provisions of the

Federal Rules of Civil Procedure.

> **B.      That The Documents Sought To Be Produced Pursuant To The Subpoenas Are Essentially The Same As Those Previously Sought Is Not A Basis To Grant The Motion To Quash.  This Is Especially True Because Plaintiff Produced Virtually No Documents And Waived Any Claim of Privilege.**

Plaintiff's counsel argues additionally that the Motion To Quash should be granted

because the documents sought through subpoena are virtually the same as those previously

sought through a Rule 34 request for production to the Plaintiff.  This contention is wholly

devoid of merit for various reasons.

> **1.      Mr. Segen Produced Virtually No Documents.**

In the Rule 34 request, the Priddy Defendants sought a variety of documents, including

documents relating to the group allegations (Request No. 3) and the Paragraph 31 Knowledge

issue (Request No. 5).  To date, Mr. Segen has produced only two (2) pages of documents, these

being the trade confirmation showing that he purchased the Intraware stock.  See Dokson

Affidavit, ¶ 8.  (By contrast, the Priddy Defendants produced over 500 pages of documents to

Plaintiff.)  Had Mr. Segen been forthcoming and seriously met his discovery obligation, this

contention might have to be taken seriously.  It is difficult to do so when only two (2) pages total

have been produced in response to the Rule 34 request.

> **2.      Even If Mr. Segen Does Not Possess Responsive Documents, Those In His Counsel's Possession Are Also Subject To Production.**

Mr. Segen may attempt to argue that he produced all responsive documents in his own

possession, and that responsive documents in his counsel's possession need not be produced.

Such an argument, if made, would simply be wrong as a matter of law.  Responsive documents

in counsel's possession are subject to production pursuant to F.R.C.P. Rule 34.  See Mercy

- 18 -

Catholic Medical Center v. Thompson, 380 F. 3d 142, 160 (3rd Cir. 2004); Poole v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000).

There is at least one category of responsive documents known to be in counsel's possession. These are counsel's time records, which are relevant to the equitable tolling issue of when counsel first gained the Paragraph 31 Knowledge. See Paradise Affidavit, ¶ 7. Those documents should have already been produced, but were not. They are again listed in the Subpoena.

**3.      Any Claim of Privilege Regarding Document Production Has Been Waived By Mr. Segen's Failure To Respond Timely.**

The Priddy Defendants served the Rule 34 document request on Plaintiff's counsel via hand delivery on August 29, 2005, along with the requests to admit. Plaintiff served a response to the request to admit timely on October 3, 2005, but failed to file any response to the documents request, as required by F.R.C.P. Rule 34, until October 26, 2005. There was no extension granted by the Court nor agreed to by the parties. Thus, the Plaintiff's Rule 34 response was untimely.

It has long been the rule in this district that untimely objections to interrogatories or requests to produce are waived. This is so even if the information sought is privileged. See Rohm and Haas Co. v. Brotech Corp., 1990 U.S. Dist. LEXIS 20117 (D. Del. 1990); see also Applied Biosystems, Inc. v. Cruachem, Inc., 1990 U.S. Dist. LEXIS 21003 (D. Del. 1990).

Thus, any contention that otherwise responsive documents need not be produced because they are allegedly privileged is no longer available to Plaintiff or his counsel. This presumably would include counsel's time records referred to above.

**C.    The Plaintiff's Contention That The Subpoenas Were Issued To Harass Plaintiff And Cause Unnecessary Costs And Expenses Cannot Withstand Scrutiny.**

Plaintiff's counsel contends that the Priddy Defendants' purpose in seeking their depositions is an improper one, merely to harass and to cause Plaintiff "unnecessary costs and expenses." See Exhibit "B" to Paul D. Wexler Affirmation. The Priddy Defendants assert that the discussion above refutes this accusation, showing legitimate and necessary legal grounds for the taking of Plaintiff's counsels' deposition.

There is another response, however, to Mr. Wexler's unfounded accusation, and that is it is simply counterintuitive under the circumstances. It is obvious that it will be much more costly and troublesome for Mr. Dokson, the Priddy Defendants' lead counsel, to travel to New York City (again)[10] to depose Messrs. Wexler and Ostrager than it will be for Plaintiff's counsel. Mr. Dokson's client will incur expenses for airfare, hotel and travel time, none of which the Plaintiff will incur, since these depositions will be taken in counsels' office(s) in their home city. The Priddy Defendants' costs and expenses to take these depositions will be high; the Plaintiff's costs and expenses will be minimal. The Priddy Defendants seek these depositions not for the improper purposes of which they are accused, but because they believe the discovery sought is necessary and there is no other way to accomplish it.

**D.    The Court Should Deny Plaintiff's Request For Rule 37 Costs And Award Fees And Expenses Under Rule 37 In Favor Of The Priddy Defendants.**

The discussion above demonstrates that the Plaintiff's Motion To Quash was not substantially justified. Rather, the Priddy Defendants' position in seeking the depositions of Plaintiff's counsel was appropriate and substantially justified under the discovery provisions of

---

[10] But for Plaintiff's counsels' initial objection, these depositions could have been accomplished in a single trip last November, when Mr. Dokson came to New York to depose the Plaintiff.

- 20 -

the Federal Rules of Civil Procedure, applicable case law and the circumstances of this case. Consequently, this Court should reject Plaintiff's request for a Rule 37 award in his favor, but should instead render such an award against Plaintiff and in favor of the Priddy Defendants. This award in favor of the Priddy Defendants should compensate both for the fees and expenses in responding to the Motion To Quash, as well as the additional fees and expenses which the Priddy Defendants will be forced to incur by having to make a second trip to New York to depose counsel.[11]

## CONCLUSION

Notwithstanding this Court's finding in the June 2nd Order that there is a need for further factual development, and for a full factual record, Plaintiff and his counsel appear to believe they do not have to participate meaningfully in discovery. They failed to respond timely to document requests, and then they produced only a mere two (2) pages of documents although clearly other responsive documents exist which are related to a crucial issue in the case. After the Plaintiff testified that he has no substantive knowledge or information except that he purchased the Intraware stock, but his attorneys do have relevant knowledge and documents, Plaintiff's counsel then filed a Motion To Quash the subpoenas issued to depose the attorneys, seeking to avoid providing that information. One can only surmise that this Plaintiff and his counsel have concluded that defendants in a §16 (b) case are not entitled to any meaningful discovery.

This Court has already concluded otherwise, as shown by the June 2nd Order. Such a conclusion is manifestly correct, since there is no authority, in the Exchange Act or elsewhere, which would support Plaintiff's anti-discovery position.

---

[11] Airfare, other travel expenses, hotel, and travel time, but not the actual time preparing for or taking the depositions (since that would have been incurred even if these depositions had occurred at the same time as Mr. Segen's).

WM1A 75586v1 03/20/06

The Priddy Defendants have not overreached nor acted improperly. To the contrary, they have acted prudently and cautiously, and sought to take these depositions only as a last resort when all other efforts to obtain necessary factual information proved unsuccessful.

For all of these reasons, the Court should deny the Motion To Quash, and in doing so should enter an order:

   (i)    directing that the noticed depositions be held;

   (ii)   directing that all of the documents sought in the Subpoenas be produced, and that none be withheld under a claim of privilege (if those documents were responsive to any request in the previously served request to produce); and

   (iii)  rendering an award under Rule 37 in favor of the Priddy Defendants and against Plaintiff for fees and expenses (1) incurred in opposing the Motion To Quash, and (2) incurred as a result of the Priddy Defendants' counsel being required to make a second trip to New York for the noticed depositions.

Respectfully submitted, this 20th day of March, 2006.


                                    **FOX ROTHSCHILD, LLP**


                                    /s/ L. Jason Cornell, Esquire
                                    Neal J. Levitsky (#2092)
                                    L. Jason Cornell (#3821)
                                    919 N. Market Street, Suite 1300
                                    Wilmington, Delaware 19899-2323
                                    (302) 622-4200

- 22 -

**ELLIS FUNK, P.C.**
Robert N. Dokson (Ga. Bar #225000)
(admitted pro hac vice)
One Securities Center, Suite 400
3490 Piedmont Road
Atlanta, Georgia 30305

Attorneys For Defendants Robert Priddy and
RMC Capital, LLC

::ODMA\PCDOCS\WM1A\75586\1