IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Leon Segen, derivatively <br> on behalf of Intraware, Inc., <br>     Plaintiff <br><br> v. <br><br> Comvest Venture Partners, LP, Comvest <br> Management, LLC, Commonwealth <br> Associates Management Company, Inc., <br> Commonwealth Associates, L.P., RMC Capital, <br> LLC, Michael S. Falk, Robert Priddy, <br> Travis L. Provow, Keith Rosenbloom and <br> Intraware, Inc., <br>     Defendants. | Civil Action File No. 04-822-JJF |

### AFFIDAVIT OF STEVEN PARADISE IN SUPPORT OF PRIDDY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE NOTICES OF DEPOSITION, QUASH SUBPOENAS AND FOR RULE 37 COSTS

Personally appeared before the undersigned officer duly authorized to administer oaths:

Steven Paradise,

who having been duly sworn, deposes and states as follows:

1. My name is Steven Paradise. I am over the age of majority and competent in all respects to provide the testimony in this Affidavit, all of which is personally known to me.

2. I am a partner in the New York office of Vinson & Elkins L.L.P. Our firm is lead counsel in the above-styled case for all of the defendants in this action except for Defendants Robert Priddy and RMC Capital LLC (collectively "the Priddy Defendants").

3. The testimony in this Affidavit is provided in support of the Priddy Defendant's Opposition To Plaintiff's Motion To Vacate Notices of Deposition, Quash Subpoenas and For Rule 37 Costs ("Motion To Quash").

4. In January of 2006, I had a series of conversations with Paul Wexler, Esq., counsel for Plaintiff, about the possibility of the parties entering into a factual stipulation concerning when Plaintiff's counsel first learned the facts regarding the transactions set out in Paragraph 31 of the Complaint ("Paragraph 31 Knowledge").

5. These conversations with Mr. Wexler were initiated by me after conversations with Mr. Dokson, counsel for the Priddy Defendants. Their purpose was to attempt to avoid having to bring to the Court the dispute now before it, namely whether the Defendants were entitled to depose Mr. Segen's counsel. Counsel for the Defendants had determined that, even though they believed they were and are entitled to take such depositions, if they could effectuate a factual stipulation on the fact of when the Paragraph 31 Knowledge was obtained by Plaintiff's counsel, they would forego the right to depose counsel so as to avoid a discovery fight.

6. Mr. Dokson, counsel for the Priddy Defendants, prepared a proposed stipulation, which I sent to Mr. Wexler as an attachment to an email dated January 16, 2006. A true and correct copy of the January 16, 2006 email and proposed stipulation are annexed hereto as Exhibit "A". In that email, I confirmed that "if plaintiff agrees to this proposed stipulation, defendants will suspend their effort to obtain these facts by deposing plaintiff's counsel." Id.

7. Mr. Wexler responded by email that same day advising that "[a]ll we are willing to say is that we knew of the facts in the letter as of the date of the letter and not before."

8. On January 17, 2006, I responded to Mr. Wexler's e-mail stating, inter alia, that "…it is not believable that you or your clients learned of the facts on the same day you wrote the

letter." In that e-mail, I asked Mr. Wexler if he had any other suggestions on how to get past this impasse, and stated that otherwise the Defendants would be forced to pursue his or Mr. Ostrager's deposition testimony under oath. The emails between me and Mr. Wexler referred to in this and the preceding paragraph are attached hereto as Exhibit "B".

9. In a subsequent telephone conversation, Mr. Wexler advised me that Plaintiff could not stipulate to any date earlier than July 5, 2002 as the date when Mr. Segen's counsel obtained the Paragraph 31 Knowledge. July 5, 2002 was the date Mr. Ostrager, Plaintiff's co-counsel, sent a demand letter to Intraware ("Demand Letter"). See Paragraph 38 of the Complaint. A true and correct copy of the Demand Letter is annexed hereto as Exhibit "C". Mr. Wexler stated to me that the reason Plaintiff could not stipulate to a date earlier than July 5, 2002 as the date when Plaintiff's counsel first obtained the Paragraph 31 Knowledge was that Mr. Ostrager's time records did not reflect any action on this matter before that date. As noted above, Mr. Ostrager was the writer of the Demand Letter.

Further Affiant Sayeth Not.

This 16th day of March, 2006.

_____
Steven Paradise ("Affiant")

Sworn to and subscribed before me
this _16_ day of _March_, 2006.

_____
Notary Public

[Notary stamp: DEBBIE E. GREEN, NOTARY PUBLIC, State of New York, No. 02GR6129, Qualified in New York County, Commission Expires June 27, ____]

## Dokson, Robbie

| | |
|---|---|
| **From:** | Paradise, Steven [sparadise@velaw.com] |
| **Sent:** | Monday, January 16, 2006 1:07 PM |
| **To:** | Paul D. Wexler Esq. (E-mail) |
| **Cc:** | Dokson, Robbie; Thau, Clifford; Bukowski, Sean |
| **Subject:** | Proposed Stipulation of Facts |
| **Attachments:** | Stipulation of Facts1.doc |

Paul,

As we discussed earlier today by telephone, I attach a proposed draft stipulation concerning the timing of when plaintiff or his counsel learned of the facts asserted in plaintiff's July 5, 2002 demand letter to Intraware. Please note that there are blanks in proposed stipulated fact 4 because we do not know the date when Intraware received the demand letter. Since it was sent by certified mail, return receipt requested, we assume that you or Glenn will have that information. Please let us know if that is not the case.

As we discussed, if plaintiff agrees to this proposed stipulation, defendants will suspend their effort to obtain these facts by deposing plaintiff's counsel. Please give me a call at your earliest convenience to discuss any comments or questions you or Glenn have.

Thank you.

---

*Steven Paradise*
**Vinson & Elkins L.L.P.**
**666 Fifth Avenue**
**New York, NY 10103**
**Tel: (212) 237-0016**
**Direct Fax: (917) 849-5338**
**Main Fax: (917) 206-8100**
**sparadise@velaw.com**
www.velaw.com



EXHIBIT "A" 5 pp.

3/16/2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Leon Segen, derivatively ) <br> on behalf of Intraware, Inc., ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> Comvest Venture Partners, LP, Comvest ) <br> Management, LLC, Commonwealth ) <br> Associates Management Company, Inc., ) <br> Commonwealth Associates, L.P., RMC Capital, ) <br> LLC, Michael S. Falk, Robert Priddy, ) <br> Travis L. Provow, Keith Rosenbloom and ) <br> Intraware, Inc., ) <br>     Defendants. ) | Civil Action File No. 04-822-JJF |

## STIPULATION OF FACTS

Come now (i) Leon Segen ("Segen" or "Plaintiff"), the Plaintiff herein, (ii) Robert Priddy ("Priddy") and RMC Capital, LLC ("RMC") (hereinafter Priddy and RMC referred to collectively as "the Priddy Defendants"), and (iii) Comvest Venture Partners, LP ("Comvest"), Comvest Management, LLC ("Comvest Management"), Commonwealth Associates Management Company, Inc. ("CAMC"), Commonwealth Associates, L.P. ("Commonwealth"), Michael S. Falk ("Falk"), Keith Rosenbloom ("Rosenbloom"), and Travis L. Provow ("Provow") (hereinafter Comvest, Comvest Management, CAMC, Commonwealth, Falk, Rosenbloom and Provow referred to collectively as "the Comvest Defendants') and enter into the following Stipulation of Facts ("Stipulation"), showing as follows:

I.

A dispute exists between the Plaintiff, on the one hand, and the Priddy Defendants and the Comvest Defendants, on the other hand, as to the right of these defendants to take the

depositions of Plaintiff's counsel. In order to avoid the time, trouble and expense of having to have the Court adjudicate this dispute, the parties to this Stipulation have agreed to enter into the Stipulation in lieu of taking Plaintiff's Counsels' depositions.

II.

This Stipulation is intended to be used, and may so be used, by any party in this litigation at any stage of the proceedings, including with respect to any pre-trial motion, and during any trial or post-trial proceeding.

III.

The following facts are hereby stipulated:

STIPULATED FACT NO. 1

At some time on or before July 1, 2002, Plaintiff's counsel learned the details of the transaction by Comvest set forth in subparagraph 31(a) of Plaintiff's Complaint – including, but not limited to, the alleged insider's name (Comvest), the date of the transaction (November 9, 2001), the number of shares sold (200,000 shares) and the selling price per share ($.58 per share).

STIPULATED FACT NO. 2

At some time on or before July 1, 2002, Plaintiff's counsel learned the details of the thirteen (13) separate transactions by Priddy set forth in subparagraph 13 (b) of Plaintiff's Complaint – including, but not limited to, the alleged insider's name (Priddy), the date of each separate transaction ("Date") (set forth below), the number of shares sold in each separate transaction ("Number of Shares") (set forth below), and the selling price per share for each separate transaction ("Selling Price") (set forth below). The Date, Number of Shares and Selling Price for each separate sale by Priddy were as follows:

| Date | Number of Shares | Selling Price |
|------|------------------|---------------|
| 11-19-01 | 75,000 | $0.999 |
| 11-26-01 | 6,000 | 0.93 |
| 11-27-01 | 24,000 | 0.867 |
| 11-28-01 | 93,660 | 0.819 |
| 12-11-01 | 250,000 | 1.2736 |
| 12-12-01 | 15,000 | 1.25 |
| 12-17-01 | 120,000 | 1.2946 |
| 12-18-01 | 115,008 | 1.2851 |
| 1-24-02 | 48,330 | 2.0006 |
| 1-25-02 | 77,000 | 2.00 |
| 1-28-02 | 34,000 | 2.00 |
| 1-30-02 | 10,000 | 2.00 |
| 1-31-02 | 23,797 | 2.0069 |

STIPULATED FACT NO. 3

On July 5, 2002, Plaintiff's counsel sent to the Board of Directors of Intraware, Inc. ("the Company") a letter, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference (hereinafter "the Demand Letter"). The Demand Letter was sent via "Certified mail Return Receipt Requested." Plaintiff's counsel possessed knowledge of all of the fact's asserted in the Demand Letter on or before July 1, 2002.

STIPULATED FACT NO. 4

Plaintiff's Counsels' records reflect that the Demand Letter was received by the Company on _____. See Exhibit "B" attached hereto, which is the United States Postal Service green proof of delivery card evidencing delivery of the Demand Letter.

**[signatures next page]**

So. Stipulated, this _____ day of January, 2006.

| | |
|---|---|
| Ferry, Joseph & Pearce, P.A.<br>and<br>Bragar Wexler Eagel and Morgenstern, P.C.<br>and<br>Ostrager Chong Flaherty<br>  & Broitman, P.C.<br><br>By: _____<br>   Counsel for Plaintiff Leon Segen | Fox Rothschild, LLP<br>and<br>Ellis Funk, P.C.<br><br>By: _____<br>   Counsel for The Priddy Defendants<br><br>Richards, Layton & Finger, P.A.<br>and<br>Vinson & Elkins, L.L.P.<br><br>By: _____<br>   Counsel for the Comvest Defendants |

**Dokson, Robbie**

| | |
|---|---|
| From: | Paradise, Steven [sparadise@velaw.com] |
| Sent: | Tuesday, January 17, 2006 8:55 AM |
| To: | wexler@bragarwexler.com |
| Cc: | Dokson, Robbie; Thau, Clifford; Bukowski, Sean |
| Subject: | Re: Proposed Stipulation of Facts |

Paul,

When you and I discussed this some time ago, you told me that you certainly learned of it prior to July 5, which seems fairly obvious. Is there any date prior to July 5 that you are able to stipulate to? If not, then we will be forced to pursue your or Glenn's deposition under oath, as it is not believable that you or your client learned of the facts on the same day you wrote the letter. Again, we are trying to find a way to resolve this so that we can avoid a motion to compel your or Glenn's testimony on this issue. If you have any other suggestions on how to get past this impasse, please let me know.

Thanks
------------------------
Sent from my BlackBerry Wireless Handheld

Steven Paradise
Vinson & Elkins L.L.P.
(Ph)   (212) 237-0016



-----Original Message-----
From: Paul Wexler <Wexler@bragarwexler.com>
To: Paradise, Steven <sparadise@velaw.com>
CC: Robbie Dokson Esq. (E-mail) <rndokson@efgld.com>; Thau, Clifford <cthau@velaw.com>; Bukowski, Sean <sbukowski@velaw.com>
Sent: Mon Jan 16 16:10:28 2006
Subject: Proposed Stipulation of Facts

Gentlemen, the stipulation is unacceptable because the facts stated therein are incorrect. All we are willing to say is that we knew of the facts in the letter as of the date of the letter and not before.

On another front, we need dates for defendants' depositions. Please advise.



From: Paradise, Steven [mailto:sparadise@velaw.com]
Sent: Monday, January 16, 2006 1:07 PM
To: Paul D. Wexler Esq. (E-mail)
Cc: Robbie Dokson Esq. (E-mail); Thau, Clifford; Bukowski, Sean
Subject: Proposed Stipulation of Facts

Paul,

EXHIBIT "B"
2pp.

As we discussed earlier today by telephone, I attach a proposed draft stipulation concerning the timing of when plaintiff or his counsel learned of the facts asserted in plaintiff's July 5, 2002 demand letter to Intraware. Please note that there are blanks in proposed stipulated fact 4 because we do not know the date when Intraware received the demand letter. Since it was sent by certified mail, return receipt requested, we assume that you or Glenn will have that information. Please let us know if that is not the case.

1

As we discussed, if plaintiff agrees to this proposed stipulation, defendants will suspend their effort to obtain these facts by deposing plaintiff's counsel. Please give me a call at your earliest convenience to discuss any comments or questions you or Glenn have.


Thank you.


---

Steven Paradise

Vinson & Elkins L.L.P.

666 Fifth Avenue

New York, NY  10103

Tel: (212) 237-0016

Direct Fax:  (917) 849-5338

Main Fax:  (917) 206-8100

sparadise@velaw.com

www.velaw.com <http://www.velaw.com/>

To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.


......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.

# OSTRAGER CHONG & FLAHERTY
### LIMITED LIABILITY PARTNERSHIP

PATENT, TRADEMARK AND
COPYRIGHT MATTERS

COUNSELLORS AT LAW

825 THIRD AVENUE
NEW YORK, NEW YORK 10022-7519
(212) 826-6565

FAX: (212) 826-5909

HAWAII OFFICE
841 BISHOP STREET, STE.1200
HONOLULU, HAWAII 96813

GLENN E. OSTRAGER
gostrager@ocflaw.com

July 5, 2002

**CERTIFIED MAIL RETURN
 RECEIPT REQUESTED**

Board of Directors
Intraware, Inc.
25 Orinda Way
Orinda, California 94563

      Re:  *Claim Under Sec. 16(b) of the
            Securities Exchange Act of 1934*

Ladies and Gentlemen:

    We are the attorneys for Leon S. Segen, a shareholder of your company.

    We write to request that you investigate whether ComVest Venture Partners, LP ("ComVest"), ComVest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates, L.P., RMC Capital, LLC, Michael S. Falk ("Falk"), Robert Priddy ("Priddy"), Travis L. Provow ("Provow"), Keith Rosenbloom, acting together as a group (collectively the "16(b) Group"), realized "short-swing" profits in trading Intraware, Inc. (the "Company") securities in violation of Section 16(b) ("Section 16(b)") of the Securities Exchange Act of 1934 (the "Exchange Act").

    Based upon our review of Company filings and Section 13D Statements filed by ComVest for the period April 2001 to the present, we have determined that members of the Group garnered short-swing profits in an amount of at least $1,309,838 which is subject to disgorgement. We compute short-swing profits by matching purchases by the 16(b) Group on August 31, 2001 with sales during the period November 2001 through January 31, 2002.

    Our analysis of the 16(b) Group status as a ten percent holder of the Company's common stock and the garnering of short-swing profits by the Group members is set forth below.



EXHIBIT
"6"
4 pp.

OSTRAGER CHONG & FLAHERTY LLP

Board of Directors
Intraware Inc.
July 5, 2002
Page 2

### Ten Percent Beneficial Ownership

On April 2, 2001, ComVest and Priddy, invested $2,000,000 and $1,000,000, respectively, in a private placement by the Company (the "April Placement"). As a result of the participation by ComVest and Priddy in the April Placement, the Group became a greater than 10% beneficial owner of the Company's Common Stock. Falk and Provow were appointed to the Company's Board of Directors and received additional options for purchase of the Company's Common Stock.

Under the April Placement, the Company sold units at a price of $100,000 per unit. Each unit consisted of 10,000 shares of Series B Convertible Preferred Stock and warrants to purchase 20,000 shares of Common Stock, at an exercise price of $1.125 per share (the "April Placement Warrants"). Each share of Preferred Stock was convertible into 10 shares of Common Stock at the holder's option, based on a conversion price of $1.00 per share of Common Stock. Pursuant to anti-dilution provisions of the April Placement, the exercise and conversion prices of the April Placement Warrants and Preferred Stock were reduced to $.934 and $.83 per share, respectively.

Commonwealth Associates acted as the placement agent for the Company pursuant to an Agency Agreement which provided for payment in warrants for the Company's Common Stock.

### Short-Swing Trades

On August 31, 2001, ComVest, Priddy and Provow invested $3,000,000, $1,500,000 and $25,000, respectively, in a private placement by the company (the "August Placement"). They purchased units at a price of $100,000 per unit, each consisting of a $100,000 promissory note with an 8% coupon, and 100,000 warrants with an exercise price of $.01 per share. The warrants had a cashless exercise feature, which enabled the holder to surrender them for a net number of warrants instead of paying the exercise price. Commonwealth Associates acted as placement agent and received warrants as compensation.

Under Section 16(b), the receipt of the warrants constituted a purchase of the Company's underlying Common Stock at a price of $.01 per share. Therefore, ComVest and Priddy are deemed to have respectively purchased 3,000,000 and 1,500,000 shares of the Company's Common Stock.

OSTRAGER CHONG & FLAHERTY LLP

Board of Directors
Intraware Inc.
July 5, 2002
Page 3

ComVest and Priddy engaged in the following trades which are matchable with their August 31, 2001 deemed purchase of the Company's Common Stock:

On November 9, 2001, ComVest sold 200,000 shares of the Company's Common Stock at a price of $.58 per share, which is matchable with the purchase on August 31, 2001 at $.01 per share yielding short-swing profits of $114,000.

Priddy engaged in the following trades:

| Date | Sales | Short-Swing Profits |
|---|---|---|
| 11/19/01 | 75,000 @ $0.999 | $ 174,175 |
| 11/26/01 | 6,000 @ $0.93 | 5,520 |
| 11/27/01 | 24,000 @ $0.867 | 20,568 |
| 11/28/01 | 93,660 @ $0.819 | 75,770.94 |
| 12/11/01 | 250,000 @ $1.2736 | 315,900 |
| 12/12/01 | 15,000 @ 1.25 | 18,600 |
| 12/17/01 | 120,000 @ $1.2946 | 154,152 |
| 12/18/01 | 115,008 @ $1.2851 | 146,636.50 |
| 01/24/01 | 48,330 @ $2.0006 | 96,205.70 |
| 01/25/02 | 77,000 @ $2.00 | 153,230 |
| 01/28/02 | 34,000 @ $2.00 | 67,660 |
| 01/30/02 | 10,000 @ $2.00 | 19,900 |
| 01/31/02 | 23,797 @ $2.0069 | 47,520.23 |
| | | $1,195,838.37 |

Accordingly, based upon the foregoing transactions, we have determined that ComVest and Priddy realized short-swing profits of $1,309,838.37 which are subject to disgorgement to the Company.

In accordance with Section 16(b) of the Exchange Act, we request that you take all steps necessary to require an accounting and disgorgement of profits realized in the foregoing transactions. Our analysis of the governing law is set forth below.

*Governing Law*

Section 16(b) of the Exchange Act provides that if a beneficial owner, while holding more than 10 percent of the securities of an issuer, purchases and sells shares of that security within a six month period, the profit on those

OSTRAGER CHONG & FLAHERTY LLP

Board of Directors
Intraware Inc.
July 5, 2002
Page 4

transactions is recoverable by the issuer or by a shareholder suing derivatively on its behalf.

Under SEC rules, for purposes of determining whether a person is a greater than a 10% beneficial owner, all shares of group members are combined. Any sales effected by a member of the group, while the group held more than 10% of the Company's common stock, are matchable with purchases made by the same group member while the group held more than 10% of the stock if the purchase and sale were within six months of each other. The profits for each transaction are calculated and that amount, plus interest, is awarded to the issuer. The statute is designed to punish trading based upon inside information which is presumed when a party owns more than 10%.

Our analysis of short-swing profits of the 16(b) Group is based solely upon information set forth in the filings referred to above. It is possible that members of the 16(b) Group and their principals engaged in additional transactions in violation of the Exchange Act during the two year period of the statute of limitations. Accordingly, we request that a thorough investigation be conducted into all trading activities by the 16(b) Group in equity securities of your company.

Kindly be advised that unless the requested actions, including suit if necessary, are taken promptly, we are authorized by our client to pursue the remedies provided by the Exchange Act.

In the event of recovery, by settlement or otherwise, we will be entitled to payment of reasonable legal fees and expenses.

Thank you for your attention to this matter.

Very truly yours,

Glenn F. Ostrager

cc: BY FACSIMILE
Paul D. Wexler, Esq.