UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LEON SEGEN, derivatively on behalf of
INTRAWARE, INC.

    Plaintiff,

v.

COMVEST VENTURE PARTNERS, LP,
COMVEST MANAGEMENT, LLC,
COMMONWEALTH ASSOCIATES
MANAGEMENT COMPANY, INC.,
COMMONWEALTH ASSOCIATES, L.P., RMC
CAPITAL, LLC, MICHAEL S. FALK, ROBERT
PRIDDY, TRAVIS L. PROVOW, KEITH
ROSENBLOOM and INTRAWARE, INC.,

    Defendants.

Civil Action No. 04-822  JJF

## JOINT MOTION TO APPROVE SETTLEMENT

    This motion is made on behalf of all of the parties to this action to request that the Court approve the settlement of all claims in this action for the sum of $235,000. Pursuant to the settlement, that amount, minus legal fees and expenses, will be paid to defendant Intraware, Inc. as contemplated by the statute which authorized this lawsuit. Annexed hereto as Ex. A is a copy of the Stipulation of Settlement. Accompanying this motion is a proposed Order Approving the Settlement and Judgment and discontinuing the action with prejudice.

**The Settlement Should Be Approved**

This is an action under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("§ 16(b)"). The Complaint sought to recover short-swing profits obtained by defendants Comvest Venture Partners, LP, Comvest Management, LLC, Commonwealth Associates Management Company, Inc., Commonwealth Associates L.P., RMC Capital, LLC, Michael S. Falk, Robert Priddy, Travis L. Provow, and Keith Rosenbloom, allegedly acting together as a group and realizing "short-swing" profits in trading Intraware, Inc. (the "Company") securities in violation of §16(b). The Complaint alleged that the possible disgorgeable profits in connection with that trading was approximately $1.2 million.

After the service of the Complaint, defendants moved to dismiss the Complaint on the grounds, *inter alia*, that it failed to properly allege group activity pursuant to §13(d) of the 1934 Act and that the claims were barred by the statute of limitations. If defendants were not a "group", it is possible that there would be no claim at all as defendants may not have been "insiders" within the meaning of the statute. Moreover, if plaintiff could not establish facts sufficient to establish equitable tolling, the two year limitations period found in §16(b) could conceivably bar the action in its entirety.

In an opinion dated June 2, 2005, the Court denied the motion, pointing out that the issue of group activity, as well as

the statute of limitations defense, raised factual issues that could not be resolved on a motion to dismiss.

In September, 2005, after having submitted mediation statements, the parties attended a mediation conference with Magistrate Judge Thynge in an attempt to resolve the matter. That mediation failed. However, it was at that point that the parties began discussing the effect of SEC Rule 16b-6(c)(2, 17 CFR § 240.16b-6(c)(2) on the computation of damages. Simply put, that rule would have severely limited the amount of damages in this case reducing the potential recovery from more than a million dollars to the mid-six figures, depending on how it was calculated. Plaintiff took the position that the rule would have no applicability to these facts and may have been beyond the SEC's power to enact.

Thereafter, the parties engaged in discovery. Plaintiff responded to a Request for Admissions and Rule 34 Request and served his own discovery demands. On November 1, 2005, defendants conducted the deposition of the plaintiff. Both the plaintiff and defendants exchanged documents, including defendants' trading records, which showed the possible damages.

On January 4, 2006, Judge Sweet of the United States District Court for the Southern District of New York issued an opinion which gave considerable support to defendants' Rule 16b-6(c)(2) defenses. Judge Sweet's opinion reinvigorated settlement discussions, which

3

took place over an approximately two month period with numerous telephone conversations and the exchange of damages analyses.

The proposed settlement of $235,000 represents approximately 47% of the approximate $502,000 total damages that could be recovered, assuming the applicability of the Rule 16b-6(c)(2) defense. There was also a substantial possibility that plaintiff would not be able to prove defendants' group activity or that the statute of limitations defense would prevail. In either of those scenarios, plaintiff would get nothing. Accordingly, the parties believe that this is a fair and reasonable resolution of the case.

### Notice to the Shareholder Body is Not Necessary

The parties believe that providing notice of the settlement to the shareholder body is not necessary in this case. Notice to stockholders is not required by statute in cases brought under §16(b). While notice is mandatory under FED. R. CIV. P. 23.1., that rule "is not directly applicable to Section 16(b) suits. . . ." Jacobs, *Section 16 of the Securities Exchange Act* § 3.09[16] at 3-350; *cf. Pottish v. Divak*, 71 F. Supp. 737 (S.D.N.Y. 1947). Indeed, the Second Circuit has noted that although §16(b) cases are structurally derivative in nature, it is a "well established principle that a Section 16(b) plaintiff need not satisfy the Rule 23.1 requirement that he be a shareholder of the corporation at the time of the transactions

4

complained of." *Rothenberg v. United Brands Co.,* 1977 U.S. Dist.
LEXIS 15937, at *9 (2d Cir. May 11, 1977); *See Portnoy v. Kawecki
Berylco lndus., Inc.,* 607 F.2d 765, 761 n3 (7th Cir. 1979).
Because the requirements of Rule 23.1 do not apply to §16(b)
cases - even though courts frequently look to that rule by
analogy in connection with §16(b) matters - its mandatory notice
provision does not govern this Court with respect to the
settlement of this action and courts have previously exercised
discretion to approve settlements of §16(b) cases without notice
to stockholders. *See, e.g., Rosen v. Price,* 1998 WL 337896
(S.D.N.Y. 1998); *Schaffer v. CVI Investments, Ltd.,* 98 Civ. 3900
(S.D.N.Y. 2000); *Plaskow II v. Peabody International Corp.,* 95
F.R.D. 297 (S.D.N.Y. 1982); *Blau v. Berkey and Berkey Photo,
Inc.,* 1968 Fed. Sec. L. Rptr., § 92,264 at 97,255 (S.D.N.Y.
September 4, 1968); *Roth v. Reservoir Capital,* 02 Civ. 7012(MP).

In this case, the cost of notice would be expensive in
light of the monies recovered and, in light of the large
percentage recovery as compared to the potential remaining claim,
would not result in any benefit to Intraware or its shareholders.
Accordingly, the parties urge that notice is properly dispensed
with.


**The Legal Fees And Disbursements**
**Agreed To Are Fair And Reasonable**

Intraware has agreed that plaintiff's counsel, who discovered this case and litigated it on a contingency basis with no assistance from the Company, have provided a valuable service to the Company and does not object to plaintiff's requested counsel fees of $77,601, plus $2,198 in disbursements.[1] The agreed to figure represents 33 1/3% of the net recovery and is well within the fees awarded in common fund cases in this Circuit and elsewhere. "Percentages awarded have varied considerably, but most fees appear to fall in the range of nineteen to forty-five percent. The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions. *See Computron,* 6 F.Supp.2d at 322; *Ratner v. Bennett,* Civ. A. No. 92-4701, 1996 WL 243645, at *8 (E.D.Pa. May 8, 1996); *In re Greenwich Pharmaceutical Sec. Litig.,* Civ. A. No. 92-3071, 1995 WL 251293, at *6 (E.D.Pa. Apr.26, 1995); *In re Novacare,* 1995 WL 605533, at *9." *In re Ikon Office Solutions, Inc., Securities Litigation,* 194 F.R.D. 166, 194 (E.D.Pa.,2000). See, *In re Warner Communications Sec. Litig.,* 618 F.Supp. 735 (S.D.N.Y 1985) where Judge Keenan noted that fee

---

1 The Defendants have no interest in the issue of the fees and expense award. That is a matter between Plaintiff's counsel and Intraware. Therefore, Defendants do not join in this portion of the motion. Defendants, however, have agreed not to oppose this portion of the proposed settlement, and they therefore represent to the Court that, while not joining in this portion of the motion, they do not oppose the agreement reached between Plaintiff's counsel and Intraware with respect to an award of legal fees and expenses to Plaintiff's counsel as set forth herein.

awards in the Second Circuit and others are generally between 20%
and 50% of the common fund.

In this case, Segen submits that the requested fee is clearly
justified. First, the time charges of the three law firms
representing plaintiff exceed $97,000, far more than the requested
fee. Second and even more important, Segen was single-handedly
responsible for discovering the facts which led to the case. Segen
requested that Intraware pursue the case, but it declined to do so.
Thus, as permitted by the statute, Segen filed the case and
litigated it, at substantial economic risk, through settlement
against excellent defendants' counsel. Absent plaintiff's insistence
on pursuing this matter, there would have been no lawsuit and no
recovery.

The policy to award legal fees is especially strong in §16(b)
cases. Without court awarded legal fees sufficient to justify the
risks of these complex litigations, §16(b) would be ignored. In the
bedrock Second Circuit case on the subject, the Court cogently
summarized the rationale for generous awards of legal fees.

> While the allowance made here was quite
> substantial, we are not disposed to interfere
> with the district court's well-considered
> determination. Cf. *May v. Midwest Refining
> Co.*, 1 Cir., 121 F.2d 431, *certiorari denied*
> 314 U.S. 668, 62 S.Ct. 129, 86 L.Ed. 534.
> Since in many cases such as this the
> possibility of recovering attorney's fees will
> provide the sole stimulus for the enforcement
> of § 16(b), the allowance must not be too
> niggardly. Cf. *Murphy v. North American Light*

& *Power Co.*, D.C. (S.D.N.Y.), 33 F. Supp. 567.
Affirmed.  (Emphasis added)

*Smolowe v. Delendo Corp.*, 136 F.2d 231, 241 (2d Cir.), *cert. denied*, 320 U.S. 751 (1943).  Thus, the policy behind the statute, to encourage counsel to investigate and litigate these claims which would otherwise not be pursued, is best served by an award of the fees requested.

And, of course, as neither Intraware nor its shareholders have been injured, the fees paid to Segen's counsel will not in any way reduce compensation to an injured party.  *See, Coran v. Snap-on Tools Corp.*, 408 F.Supp. 1060 (E.D.Wis. 1976):

> The benefit conferred upon a corporation in a § 16(b) action is purely "windfall" in nature.  The corporation has not suffered any damages and therefore is not being reimbursed for any loss. Consequently, courts have been liberal in awarding fees "on the theory that the corporation which has received the benefit of the attorney's services should pay the reasonable value thereof" *Smolow v. Delendo Corporation*, 136 F.2d 231, 241 (2d Cir. 1943); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391, 90 S. Ct. 616, 625, 24 L.Ed.2d 593, 605 (1970).

408 F. Supp. at 1063.

*In accord is Blau v. Brown* [1967-69 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 92,263 at 97,254 (S.D.N.Y. Sept. 4, 1968) ("windfall" nature of recovery should be given the "greatest

weight in evaluating the fair and reasonable compensation payable for the necessary legal services.").

For all of the above reasons, the Court should approve the bargained-for fees and disbursements totaling $79,799.

WHEREFORE, the parties request that this Honorable Court enter the proposed Order Approving Settlement and Judgment and grant such other and further relief as is just and proper.

April 17, 2006

FERRY, JOSEPH & PEARCE, P.A.

Theodore J. Tacconelli (No. 2678)

824 Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 109899
(302) 575-1555

        -and-

PAUL D. WEXLER
BRAGAR WEXLER & EAGEL, P.C.

885 Third Avenue
New York, New York 10022
(212) 308-5858

        -and-

9

OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.

250 Park Avenue
New York, New York 10177-0899

Counsel for Plaintiff

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

LEON SEGEN, derivatively on behalf
of INTRAWARE, INC.

     Plaintiff,                                Civil Action No. 04-822-JJF

v.

COMVEST VENTURE PARTNERS, LP,
COMVEST MANAGEMENT, LLC,
COMMONWEALTH ASSOCIATES MANAGEMENT
COMPANY, INC., COMMONWEALTH
ASSOCIATES, L.P., RMC CAPITAL,
LLC, MICHAEL S. FALK, ROBERT
PRIDDY, TRAVIS L. PROVOW, KEITH
ROSENBLOOM and INTRAWARE, INC.,

     Defendants.

## STIPULATION OF SETTLEMENT

WHEREAS, plaintiff LEON SEGEN ("Segen" or "Plaintiff"), a
shareholder of defendant INTRAWARE, INC. ("Intraware"), brought
this action pursuant to §16 of the Securities Exchange Act of 1934
to recover short-swing profits allegedly obtained by defendants
COMVEST VENTURE PARTNERS, LP, COMVEST MANAGEMENT, LLC, COMMONWEALTH
ASSOCIATES MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P.,
RMC CAPITAL, LLC, MICHAEL S. FALK, ROBERT PRIDDY, TRAVIS L. PROVOW,
KEITH ROSENBLOOM (collectively the "Defendants") in connection with

certain trading of Intraware common stock and derivative securities; and

WHEREAS, each and every one of the Defendants denies any liability for the claims asserted in the complaint, but each nevertheless wishes to avoid the expense and inconvenience of protracted litigation; and

WHEREAS, the attorneys for the parties have engaged in discovery and have reached, after extensive arms-length negotiations, a full and fair settlement; and

WHEREAS, Intraware, represented by its independent counsel, believes that a settlement of this litigation in the amounts described below is in the best interests of Intraware and its shareholders; and

WHEREAS, counsel for Intraware and Plaintiff have reached agreement as to the amount of legal fees and expenses to be awarded, and to be paid out of the settlement proceeds; and

WHEREAS, the parties believe that under the facts of this case, especially given the relatively small size of the claim and the recovery, as well as the costs involved, it is impractical and unnecessary, and not in the best interests of Intraware or its equity and debt holders, to serve notice of this settlement upon all the equity and debt holders of Intraware;

IT IS HEREBY STIPULATED AND AGREED as follows:

2

1.    Defendants shall pay or cause to be paid to Intraware the sum of $235,000 ("the Settlement Payment") in full settlement of all claims that were alleged or that could have been alleged in this action.

2.    Plaintiff's counsel intends to make application to the Court for counsel fees and disbursements in the sum of $77,601.00 plus $2,198.00 in disbursements, totaling $79,799.00, said amount of $79,799.00 to be paid out of the $235,000.00 settlement amount set forth in Paragraph 1 above.    Intraware believes that Plaintiff has added value to this litigation and will not object to an award of such $79,799.00 amount as compensation to Plaintiff's counsel for their efforts in discovering and prosecuting the claims.    Defendants agree not to oppose such a request.

3.    As soon as practicable after this Stipulation has been executed, the parties shall jointly move the Court for approval of the Settlement and for entry of the Order and final judgment in the form annexed hereto as Ex. A (the "Order").    In the event that the Court does not enter the Order approving the Settlement as proposed, this Stipulation shall be null and void.

4.    This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the settlement is consummated, are not, and shall not be, construed to be evidence of, or an admission by any of the parties respecting the validity or invalidity of, any of

3

the claims or defenses asserted in the action or of any Defendant's liability or lack of liability with respect to any such claim, or of any wrongdoing or lack of wrongdoing by any of them whatsoever, and shall not be offered for admission or received as evidence of such liability or wrongdoing or lack thereof.

     5.   All payments hereunder shall be made within ten (10) business days after entry of the Order. Payments for counsel fees and disbursements as ordered by the Court shall be paid by Defendants by check or wire transfer to Bragar Wexler & Eagel, PC. The Defendants shall deduct the amount paid for counsel fees and disbursements from the $235,000 Settlement Payment, and shall remit the balance to Intraware in care of its counsel of record in this action.

     6.   This Stipulation may be executed in two or more counterparts.

     7.   The parties shall use their best efforts to execute such documents and take such other action as is necessary to effectuate the Settlement provided for herein.

     This 14th day of April, 2006.

**FERRY JOSEPH & PEARCE, P.A.**

By: _____
     Theodore J. Tacconelli, Esq. (No. 2678)
     824 Market Street, Suite 904
     Wilmington, DE  19899
     (302) 575-1555
        and

**BRAGAR WEXLER & EAGEL PC**

4

By: _____
      Paul D. Wexler (PW 9340)
      885 Third Avenue
      New York, New York 10022
      (212) 308-5858
          and


**OSTRAGER CHONG FLAHERTY & BROITMAN, P.C.**
250 Park Avenue
New York, New York 10022

Attorneys for Plaintiff

**FOX ROTHSCHILD, LLP**


By: _____
      Neal J. Levitsky (No. 2092)
      919 Market Street, Suite 1300
      Wilmington, DE  19899-2323
      (302) 622-4200
          and

**ELLIS FUNK, P.C.**


By: _____
      Robert N. Dokson
      Georgia Bar No. 225000
      One Securities Centre
      3490 Piedmont Road, NE, Suite 400
      Atlanta, Georgia  30305
      (404) 233-2800
      Admitted Pro Hac Vice

      Counsel For Defendants
      Robert Priddy and
      RMC Capital, LLC

**RICHARDS, LAYTON & FINGER, P.A.**


By: _____
      Jeffrey L. Mayer (#3309)
      Srinivas M. Raju (#3313)
      Alyssa M. Schwartz (#4351)
          5

New York, New York 10022

Attorneys for Plaintiff

**FOX ROTHSCHILD, LLP**


By:_____
      Neal J. Levitsky (No. 2092)
      919 Market Street, Suite 1300
      Wilmington, DE  19899-2323
      (302) 622-4200
         and


**ELLIS FUNK, P.C.**

By:_____
      Robert N. Dokson
      Georgia Bar No. 225000
      One Securities Centre
      3490 Piedmont Road, NE, Suite 400
      Atlanta, Georgia  30305
      (404) 233-2800
      Admitted Pro Hac Vice

      Counsel For Defendants
      Robert Priddy and
      RMC Capital, LLC

**RICHARDS, LAYTON & FINGER, P.A.**


By:_____
      Jeffrey L. Mayer (#3309)
      Srinivas M. Raju (#3313)
      Alyssa M. Schwartz (#4351)
      One Rodney Square
      Wilmington, DE  19899
      (302) 651-7700
         and


[SIGNATURES CONTINUED NEXT PAGE]

By:_____
      Paul D. Wexler (PW 9340)
      885 Third Avenue
      New York, New York 10022
      (212) 308-5858
         and


**OSTRAGER CHONG FLAHERTY & BROITMAN, P.C.**
250 Park Avenue
New York, New York 10022

Attorneys for Plaintiff

**FOX ROTHSCHILD, LLP**

By:_____
      Neal J. Levitsky (No. 2092)
      919 Market Street, Suite 1300
      Wilmington, DE  19899-2323
      (302) 622-4200
         and

**ELLIS FUNK, P.C.**


By:_____
      Robert N. Dokson
      Georgia Bar No. 225000
      One Securities Centre
      3490 Piedmont Road, NE, Suite 400
      Atlanta, Georgia  30305
      (404) 233-2800
      Admitted Pro Hac Vice

      Counsel For Defendants
      Robert Priddy and
      RMC Capital, LLC

**RICHARDS, LAYTON & FINGER, P.A.**


By:_____
      Jeffrey L. Mayer (#3309)
      Srinivas M. Raju (#3313)
      Alyssa M. Schwartz (#4351)

New York, New York 10022

Attorneys for Plaintiff

FOX ROTHSCHILD, LLP

By:_____
        Neal J. Levitsky (No. 2092)
        919 Market Street, Suite 1300
        Wilmington, DE  19899-2323
        (302) 622-4200
                and

ELLIS FUNK, P.C.

By:_____
        Robert N. Dokson
        Georgia Bar No. 225000
        One Securities Centre
        3490 Piedmont Road, NE, Suite 400
        Atlanta, Georgia  30305
        (404) 233-2800
        Admitted Pro Hac Vice

        Counsel For Defendants
        Robert Priddy and
        RMC Capital, LLC

RICHARDS, LAYTON & FINGER, P.A.

By:_____
        Jeffrey L. Mayer (#3309)
        Srinivas M. Raju (#3313)
        Alyssa M. Schwartz (#4351)
        One Rodney Square
        Wilmington, DE  19899
        (302) 651-7700
                and

[SIGNATURES CONTINUED NEXT PAGE]

5

VINSON & ELKINS L.L.P.

By: *Steven Paradise*

  Clifford Thau, Esq.
  Steven Paradise, Esq.
  666 Fifth Avenue, 26th Floor
  New York, NY  10103
  (917) 206-8000
  Counsel For Defendants
  Comvest Venture Partners LP,
  Comvest Management, LLC,

  Commonwealth Associates Management
  Company, Inc., Commonwealth
  Associates, L.P., Michael S. Falk,
  Travis L. Provow and Keith Rosenbloom

THE BAYARD FIRM

By:_____
  Kurt M. Heyman (_____)
  Counsel For Defendant Intraware, Inc.
  222 Delaware Avenue, Suite 900
  Wilmington, DE 19899-5130
  (302)

C:\WINNT\Temporary Internet Files\OLK55\STIPULATION OF SETTLEMENT (revised)1.doc

VINSON & ELKINS L.L.P.

By:_____
      Clifford Thau, Esq.
      Steven Paradise, Esq.
      666 Fifth Avenue, 26th Floor
      New York, NY  10103
      (917) 206-8000
      Counsel For Defendants
      Comvest Venture Partners LP,
      Comvest Management, LLC,

      Commonwealth Associates Management
      Company, Inc., Commonwealth
      Associates, L.P., Michael S. Falk,
      Travis L. Provow and Keith Rosenbloom

PROCTOR HEYMAN, LLP

By:_____
      Kurt M. Heyman (#3054)
      Counsel For Defendant Intraware, Inc.
      1116 West Street
      Wilmington, Delaware 19801
      (302) 472-7300

K:\CLIENTS\Robbie\Priddy\Priddy - Segen v. Delaware Securities Suit\Pleadings\STIPULATION OF
SETTLEMENT (revised).doc

6

## CERTIFICATE OF SERVICE

I, hereby certify that on April 17 2006, I electronically filed the foregoing Joint Motion

To Approve Settlement with the Clerk of Court using CM/ECF which will send notification of

such filing to the following:

> Jeffrey L. Moyer, Esquire
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> Wilmington, DE 19899

> Neal J. Levitsky, Esquire
> FOX ROTHSCHILD LLP
> 919 N. Market Street, Suite 1300
> Wilmington, DE 19899-2323

> Kurt M. Heyman, Esquire
> PROCTOR HEYMAN LLP
> 1116 West Street
> Wilmington, DE 19801

I, hereby certify that on April 14, 2005, I have mailed by United States Postal Service,

the document to the following non-registered participants:

> Clifford Thau, Esquire
> Steven R. Paradise, Esquire
> Sean Bukowski, Esquire
> VINSON & ELKINS, L.L.P.
> 666 Fifth Avenue, 26th Floor
> New York, NY 10103-0040

> Robert N. Dokson, Esquire
> ELLIS, FUNK, GOLDBERG, LABOVITZ & DOKSON, P.C.
> One Securities Centre, Suite 400
> 3490 Piedmont Road
> Atlanta, GA 30305

> /s/ Theodore J. Tacconelli
> Ferry, Joseph & Pearce, P.A.
> 824 Market Street
> (302) 575-1555
> ttacconelli@ferryjoseph.com