UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| LEON SEGEN, derivatively on behalf of INTRAWARE, INC.<br><br>    Plaintiff,<br><br>v.<br><br>COMVEST VENTURE PARTNERS, LP, COMVEST MANAGEMENT, LLC, COMMONWEALTH ASSOCIATES MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P., RMC CAPITAL, LLC, MICHAEL S. FALK, ROBERT PRIDDY, TRAVIS L. PROVOW, KEITH ROSENBLOOM and INTRAWARE, INC.,<br><br>    Defendants. | Civil Action No. 04-822-JJF |

<u>ORDER APPROVING SETTLEMENT AND JUDGMENT</u>

WHEREAS, plaintiff LEON SEGEN ("Segen" or "Plaintiff"), a shareholder of defendant INTRAWARE, INC. ("Intraware" or "the Company"), brought this action ("the Action") pursuant to §16 of the Securities Exchange Act of 1934 ("Section 16") to recover short-swing profits allegedly obtained by defendants COMVEST VENTURE PARTNERS, LP, COMVEST MANAGEMENT, LLC, COMMONWEALTH ASSOCIATES MANAGEMENT COMPANY, INC., COMMONWEALTH ASSOCIATES, L.P., RMC CAPITAL, LLC, MICHAEL S. FALK, ROBERT PRIDDY, TRAVIS L. PROVOW, KEITH ROSENBLOOM (collectively the "Defendants") in connection with

the trading of Intraware common stock and derivative securities by various of the Defendants; and

The parties having advised the Court that they have reached a settlement of all issues in this litigation, which settlement is conditioned upon approval by this Court; and

The Court having concluded after a review of the papers submitted to it that in light of the amount of the recovery and the expense attendant to notice of the settlement to Intraware's equity holders, such notice is impractical, not necessary and would not be in the best interests of Intraware's equity holders; and

The Court having considered all matters submitted to it;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Stipulation of Settlement ("Stipulation")(a copy of which is annexed hereto as Ex. A) is approved as fair, reasonable and adequate and in the best interests of Intraware and all owners of the Company's securities. The parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation, and the Clerk of the Court is directed to enter and docket this Order Approving Settlement and Final Judgment in this Action.

2. This Order Approving Settlement and Final Judgment shall not constitute any evidence or admission by any of the Defendants hereto, or any other person, that any acts of negligence or wrongdoing have been committed, and shall not be deemed to create any inference that there is or was liability therefore.

None of the Defendants admits, either expressly or impliedly, that any of them is subject to any liability whatsoever by reason of any of the matters alleged in the Action. Each of said Defendants, on the contrary, expressly denies and disputes the existence of any such liability.

3. The Action is hereby dismissed on the merits and <u>With Prejudice</u>. Each of the Defendants and, as applicable, each of their heirs, executors, administrators, successors and/or assigns, is hereby discharged and released from any and all liability under or based upon all claims, rights, causes of action, suits, matters and issues, known or unknown, that have been, could have been or might have been asserted in the Action by Plaintiff, by Intraware, or by any other owner of any security (as defined in Section 3(a)(10) of the Securities Exchange Act of 1934) issued by Intraware, arising from any purchase and/or sale of any shares of Intraware, including, but not limited to, those transactions alleged in the complaint in this action ("Claim" or "Claims"), on behalf of himself, by Intraware (as to all claims pursuant to Section 16 only) and by any and all owners of any security (as defined in section 3(a)(10) of the Securities Exchange Act of 1934) issued by Intraware, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, against any of the Defendants or, as applicable, any of their present or former officers, directors, employees, agents, attorneys, representatives, advisors and affiliates (as defined in

Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934), associates (as defined in Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934), parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients, or brokers (hereinafter collectively "Releasees"); provided, however, that the discharges and releases in this Paragraph 3 do not discharge or release any of the Releasees from any obligation arising out of the Stipulation. This Order and Final Judgment shall be final and conclusive with respect to any and all Claims as set forth above.

    4.    Each of the Plaintiff, Intraware (as to all claims pursuant to Section 16 only) and all owners of any security (as defined in section 3(a)(10) of the Securities Exchange Act of 1934) issued by Intraware, either individually, directly, derivatively, representatively or in any other capacity, and, as applicable, any of their present or former officers, directors, employees, agents, attorneys, representatives, advisors, trustees, parents, principals, subsidiaries, general and limited partners, heirs, executors, administrators, successors and assigns or anyone else, is hereby severally and permanently barred and enjoined from instituting or prosecuting any other action arising from any purchase and/or sale of shares of Intraware, including, but not limited to, those transactions alleged in the complaint in this Action in any court or tribunal of this or any other jurisdiction based upon, or for the purpose of enforcing, any Claim(s) (as

hereinbefore defined) by Plaintiff on behalf of himself, by Intraware, or by any owner of any security issued by Intraware, whether individually, directly, representatively, derivatively or in any other capacity, against any of the Defendants or, as applicable, any one or more of their present or former officers, directors, employees, agents, attorneys, representatives, advisors and affiliates (as defined in Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934), associates (as defined in Rule 12b-2, promulgated pursuant to the Securities Exchange Act of 1934), parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients, or brokers, heirs, executors, administrators, successors and assigns, or anyone else; provided, however, that the bar and injunction set forth in this Paragraph 4 shall not be interpreted to bar any action to enforce compliance with the terms of the Stipulation. All Claims (as hereinbefore defined) are hereby compromised, settled, released, discharged and dismissed <u>With Prejudice</u> by virtue of the proceedings herein and this Order Approving Settlement and Final Judgment.

    5.    Plaintiff's counsel are hereby awarded the amount of $77,601.00 in fees plus $2,198.00 in disbursements, totaling $79,799.00, which sum of $79,799.00 the Court finds to be fair and reasonable and which shall be paid to Plaintiff's counsel out of the $235,000 Settlement Payment according to the terms set forth in the Stipulation of Settlement.

6. This ORDER Approving Settlement and Final Judgment disposes of all issues in this Action. Therefore, the Clerk of this Court is directed to reflect on the docket of this Court that this case has been completed and is administratively closed. However, this Court retains jurisdiction over all matters which may hereafter arise relating to the administration and performance of the Stipulation of Settlement.

Dated: _____, 2006

SO ORDERED:

_____
United States District Judge
District of Delaware